# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-40207
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2014

Lyle W. Cayce
Clerk

SYLVESTER J. HOFFART, Individually and Sylvester J. Hoffart as
Substitute for Louise T. Hoffart, her Estate and Assets,

> Plaintiffs - Appellants

v.

HAL C. WIGGINS; JOANNE WIGGINS;  HAL C. WIGGINS As DWD
CONTRACTORS, INCORPORATED; JOANNE WIGGINS and SCOTT
WIGGINS as Substitutes for Hal C. Wiggins and his Estate,

> Defendants – Appellees

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-46

————

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sylvester Hoffart challenges the district court's denial of his *pro se* post-judgment motions seeking to enforce his money judgment, obtained following a jury trial, against Defendants-Appellees.  Hoffart also registered the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's final judgment in the United States District Court for the District of Oregon, and sought to enforce the judgment there. He was unsuccessful in federal court in Oregon, and his case is currently pending on appeal before the United States Court of Appeals for the Ninth Circuit. Because we conclude that we have no proper role in this enforcement action, we AFFIRM the judgment of the district court.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This matter has a lengthy procedural history encompassing multiple lawsuits in both the state and federal courts in Texas and Oregon. The factual and procedural background relevant to the issues raised on appeal is limited to what follows. Sylvester Hoffart ("Hoffart"), proceeding *pro se*, filed suit in the United States District Court for the Eastern District of Texas in 2008, individually and as guardian of his wife, Louise Hoffart,[1] attempting to obtain repayment of sums of money he and Louise had loaned to Louise's son, Hal Wiggins,[2] and Hal's wife, Joanne Wiggins, to invest in Hal's company, DWD Contractors, Inc. ("DWD") (collectively "Appellees"). Construing the Hoffarts' claims liberally, the court determined that they alleged claims of fraud, breach of fiduciary duty, and promissory estoppel.

The matter proceeded to a jury trial in 2012 before the district court.[3] The jury found that: (1) Hal Wiggins breached his fiduciary duty to Louise,

---

[1] Louise passed away on March 13, 2014. In a single-judge order, this court granted Hoffart's motion to substitute himself for Louise and her estate and assets, "subject to reconsideration when the merits of the case are addressed."

[2] Hal Wiggins passed away on January 13, 2011, after the suit was filed, but more than a year before the jury trial took place and the final judgment was entered. The district court granted Hoffart's unopposed motion to substitute Scott Wiggins and Joanne Wiggins in Hal Wiggins's place and as representatives of his estate.

[3] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c).

awarding her $44,000 in damages against Joanne and Scott Wiggins, as representatives of Hal Wiggins's estate, and (2) DWD was liable to both Hoffarts for promissory estoppel, awarding $5,000 to Sylvester against DWD and $5,000 to Louise against DWD.

The district court construed one of the Hoffarts' several post-judgment motions as a request for a writ of execution under Federal Rule of Civil Procedure 69, which it granted in September 2012. The court ordered that a writ of execution be entered "against the property, located in the State of Texas, of Defendants DWD Contractors, and Joanne and Scott Wiggins, as representatives of the estate of Hal Wiggins." The separately-entered writ of execution stated that it was "enforceable in, and may be served by [the United States Marshals Service] in, the State of Texas."

The Hoffarts registered the district court's final judgment in federal court in Oregon, seeking to enforce and collect on the judgment there, against "certain assets located in Oregon." In its July 10, 2013 order, the district court in Oregon determined that the Hoffarts could not collect on the property located in Oregon that was held by Hal Wiggins at his death, and which passed to his wife by right of survivorship.[4] The Hoffarts have appealed this holding, and the appeal is currently pending before the United States Court of Appeals for the Ninth Circuit.[5]

---

[4] The court also noted that it "does not express any opinion on the merits of" the Hoffarts' challenge to Hal Wiggins's assignment of his interest in "Windsor-Heritage LLC, an entity that owns an apartment building," to his wife "approximately one month before his death." The court indicated that "this is not the correct court and a miscellaneous action to execute on a Final Judgment entered by another court is not the correct procedural vehicle for Plaintiffs to challenge this assignment or the failure to probate the estate of Hal Wiggins."

[5] *Sylvester Hoffart, et al v. DWD Contractors, Inc., et al*, No. 13-35690 (9th Cir. filed Dec. 2, 2013).

No. 14-40207

While their claims were pending in Oregon, the Hoffarts also filed several motions in the federal district court in Texas that are relevant to us now. In particular, the Hoffarts filed a "Motion to Return" in April 2013 (Dist. Ct. Docket No. 270), seeking to compel "Joanne Wiggins to return all properties and monies taken by her from the Estate of Hal C. Wiggins, Deceased"; a "Motion for an Order" in August 2013 (Dist. Ct. Docket No. 279), which appears to object to the application of Oregon law to the Hoffarts' efforts to collect on the final judgment in Oregon; and a "Motion for a Charge of Contempt" in November 2013 (Dist. Ct. Docket No. 284) ("contempt motion"), seeking both a contempt order against Joanne and Scott Wiggins "for not obeying Plaintiffs' Motion to Compel" and an order "charging said Defendants with [p]erjury for lying in their responses to their [i]nterrogatories."

The district court denied the first two motions in a September 2013 order (Dist. Ct. Docket No. 281). Concerning the "Motion to Return," the court explained that "any issues the Hoffarts may have with the distribution of the estate as it applies to the execution of the judgment need to be addressed where the property is found." The court noted that "it appears that the property in question was located in Oregon." Turning to the "Motion for an Order," the district court concluded that since the Hoffarts registered the court's final judgment in the district court in Oregon, "Oregon law is applied to the enforcement proceedings of the Texas judgment." The court explained that "Texas law is not applied in the collection efforts occurring outside of this state." The court did not rule on the Hoffarts' contempt motion before the Hoffarts timely filed their notice of appeal in February 2014, which indicated

4

their intention to appeal both the unruled-on contempt motion[6] and the district court's rulings on the other motions discussed above.

## II.    ANALYSIS

As the district court noted, this case concerns the unfortunate fact that Hoffart has "discovered that *collecting* on a judgment is often times more difficult than obtaining that judgment."

Hoffart appeals the district court's order denying his post-judgment motions, and also appeals his unruled-on contempt motion. He argues that the court "issued a Writ of Execution for Plaintiffs[] to collect their Judgment in the State of Texas only," although the court "knew all of Hal C. Wiggins'[s] [a]ssets and [e]state were in the [s]tate[s] of Oregon and California." Hoffart claims that the district court's writ of execution "denied this elderly couple the ability to collect anything for their Judgment." Hoffart also contends that the court "has and had the power to hold the Defendants in [c]ontempt of [c]ourt until the Judgment was paid," but "denied Plaintiffs-Appellants' right to use the power of the [c]ourts to collect said Judgment."

A party may register the final judgment of one district court with another district court if certain conditions are met. 28 U.S.C. § 1963 (1996). "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id*. Federal Rule of Civil Procedure 69 explains that "[a] money judgment is

---

[6] In a June 17, 2014 order, the district court denied Hoffart's motion for a final ruling on the contempt motion, explaining that "because Hoffart is appealing [the motion] to the Fifth Circuit, that aspect of this case is involved in the appeal, and the court does not have jurisdiction to decide it." Accordingly, the district court concluded that "the court cannot enter a final ruling on that motion."

enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1).[7]

We conclude that the district court did not err in issuing the writ of execution against Appellees' property in the State of Texas. Contrary to Hoffart's argument, the district court could not issue a writ of execution for the Hoffarts to collect their judgment against property located outside the State of Texas. *See Toland v. Sprague*, 37 U.S. 300, 328–29 (1838).[8] Rather, Rule 69 and 28 U.S.C. § 1963 contemplate that Hoffart could register the district court's final judgment in another federal district court and initiate collection proceedings there, which is precisely what happened in this case. The fact that the federal district court in Oregon issued a decision disagreeable to Hoffart does not give him valid reason to challenge the underlying writ of execution.

The Hoffarts' contempt motion sought an order of contempt against Appellees "for not obeying Plaintiffs' Motion to Compel," as well as "an order charging said Defendants with [p]erjury for lying in their responses to their [i]nterrogatories." The district court had not yet ruled on the motion when the Hoffarts submitted their notice of appeal in February, indicating their intention to appeal the unruled-on motion. Hoffart now pursues the contempt motion simultaneously in the district court and before our circuit. As noted

---

[7] Rule 69 also provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

[8] *See also* Fed. R. Civ. P. 4.1(a) ("Process . . . may be served anywhere within the territorial limits of the state where the district court is located . . . ."); Charles Alan Wright et al., 12 Federal Practice and Procedure § 3012 (2d ed. 2014) (noting that "the enforcement of the judgment is subject to the territorial limitations of Rule 4.1"); 1 Bankr. Litig. § 5:290 ("Under Rule 4.1(a), unless otherwise authorized by a United States statute or the Rules, a writ of execution can only be served within the territorial limits of the state in which the district court is held.").

above, the district court recently denied Hoffart's motion for a final ruling on the contempt motion, explaining that "the court cannot enter a final ruling on that motion" because Hoffart is appealing it to the Fifth Circuit.  Because there has been no final ruling on the contempt motion in the district court, there is nothing for us to review.  *See* 28 U.S.C. § 1291.

Hoffart also appears to argue that the district court violated his "rights under Multidistrict Litigation, 28 U.S.C. § 1407."  Hoffart misunderstands the role of the multidistrict litigation rules, which have no bearing here.  Although it was true, earlier in these proceedings, that "civil actions involving one or more common questions of fact [we]re pending in different districts," 28 U.S.C. § 1407(a), neither a party nor the judicial panel on multidistrict litigation initiated proceedings for transfer of one of the actions under § 1407(c).

To the extent Hoffart's brief might be construed as making any other arguments, we find those arguments waived because they have not been adequately briefed.  "[W]e liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than parties represented by counsel." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (internal quotation marks and citation omitted).  "This principle, however, does not give [Hoffart] a pass on compliance with Rule 28 relating to [his] appellate brief." *Id*. (citing Fed. R. App. P. 28).  "[His] 'arguments must be briefed to be preserved.'" *Id*. (quoting *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)).

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.