# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40993
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2015

Lyle W. Cayce
Clerk

SYLVESTER J. HOFFART, Individually and Sylvester J. Hoffart as
Substitute for Louise T. Hoffart, her Estate and Assets,

Plaintiff - Appellant

v.

SCOTT WIGGINS, as Substitute for Hal C. Wiggins and his Estate;
JOANNE WIGGINS, as Substitute for Hal C. Wiggins and his Estate,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-46

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The Hoffarts obtained a judgment in the Eastern District of Texas against Mrs. Hoffart's son (Mr. Hoffart's stepson) Hal C. Wiggins and his construction company. Because Mr. Wiggins's assets were located in Oregon, the Hoffarts were required to register the judgment and seek to enforce it in Oregon. *See* 28 U.S.C. § 1963. Mr. Wiggins died before judgment was obtained

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40993

in Texas against his estate's representatives.  Under Oregon law, Mr. and Mrs. Wiggins owned much of their property as tenants by the entirety, s*ee* OR. REV. STAT. § 93.180(1)(b), which vested Mrs. Wiggins with "an indestructible right of survivorship." *Brownley v. Lincoln Cnty.*, 343 P.2d 529, 531 (Or. 1959).  This property passed solely to the wife as survivor, eliminating the judgment claim of the Hoffarts to those assets.[1]  Thus, although the Hoffarts tried to collect the judgment in Oregon, they came up short because of Oregon law.  Because a nonparty owned the subject property, the United States District Court for the District of Oregon stayed all collection efforts and rendered the order final. The Ninth Circuit has now affirmed that ruling during the pendency of this appeal.  *Hoffart v. DWD Contractors, Inc.*, No. 13-35690, 2015 WL 858578, at *1 (9th Cir. Mar. 2, 2015).

In this appeal, Mr. Hoffart challenges another post-judgment order of the magistrate judge dated Aug. 21, 2014, an order denying his  "Motion for a Charge of Contempt and Perjury" against the Estate representatives and "Motion for an Order" seeking tax returns of Hal Wiggins from 2008-2011.  The magistrate judge denied both motions on the basis of the Oregon district court's order, now affirmed, staying collection actions on the Oregon property.

On appeal from another of the magistrate judge's post-judgment orders, a panel of this court explicitly directed execution to proceed under the auspices of Rule 69 of the Federal Rules of Civil Procedure, which provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" *Hoffart v. Wiggins*, 577 F. App'x 384, 387 n.7 (5th Cir. 2014)

---

[1] The district judge in Oregon pointedly noted, however, that Mr. Wiggins attempted to assign his interest in an LLC, for good consideration and effective on his death.  This property was not held jointly and the assignment was likely a will, which requires probate. Mr. Hoffart could have pursued that interest in Oregon.

No. 14-40993

(per curiam) (unpublished) (quoting FED. R. CIV. P. 69(a)(1)).  We are bound by that panel's ruling as law of the case, which clearly articulates the legal principles and justifies what the magistrate did here.

Mr. Hoffart seems to be confused that Texas law was apparently applied to his dispute with Mr. Wiggins that led to the favorable judgment.  The district court's choice-of-law analysis in the underlying trial is separate from the question of the appropriate forum and procedures to collect a judgment.  Federal law requires that when a prevailing party seeks to collect a judgment in another state where the judgment debtors' assets are located, that collection action must proceed according to the laws of the state where the property is located.  Only if Wiggins owned property in Texas could the Hoffarts use the magistrate judge's court in the Eastern District of Texas to collect the judgment.

Because this court's opinion in the prior appeal compels the result here as a matter of law of the case, and because Mr. Hoffart does not indicate that there is any Texas property from which he can seek to collect the judgment, the magistrate judge's order denying further discovery is correct.  Mr. Hoffart has not adequately briefed his argument concerning the denial of the contempt motion, so that argument is waived.  *See* FED R. APP. P. 28.  Although "we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than parties represented by counsel[,] . . . arguments must be briefed to be preserved."  *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) and *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)).  The panel in the previous appeal also alerted Mr. Hoffart to this requirement.  *Hoffart*, 577 F. App'x at 388.

It is most unfortunate that Mr. Hoffart has been unsuccessful in realizing on his judgment, but it is also necessary for his improper motions and

3

No. 14-40993

filings in the Eastern District of Texas to cease.  We do not grant sanctions against Mr. Hoffart in this appeal, but he is on notice that he may not file legally frivolous motions in the district court or this court without potential adverse consequences.

The district court's order denying Mr. Hoffart's motion is **AFFIRMED**; sanctions are **DENIED**.