United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20938
Summary Calendar
_____

JACK L. HENDRICKSON,

Plaintiff-Appellant,

versus

THOMAS A. DAVIS, JR.; LACY ROGERS;
OFFICE OF THE ATTORNEY GENERAL OF TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:04-CV-4133)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jack L. Hendrickson, Texas prisoner #
1140046, appeals the district court's dismissal of his 42 U.S.C. §
1983 civil rights complaint against Colonel Thomas A. Davis, Jr.
(Colonel Davis), Director of the Texas Department of Public Safety
(DPS), and San Jacinto County Sheriff Lacy Rogers (Sheriff Rogers)
for failure to state a claim on which relief may be granted.

A complaint fails to state a claim on which relief may be
granted if, taking the plaintiff's allegations as true, he could

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prove no set of facts in support of his claim that would entitle him to relief. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). We review de novo a dismissal for failure to state a claim upon which relief may be granted. Id.

Hendrickson contends that the district court erred when, rather than accepting the facts in his complaint as true and viewing them in the light most favorable to him, the court improperly considered the substantive evidence submitted with the Martinez[1] report to resolve disputed issues of fact.

The district court erred to the extent that it considered the substantive evidence in the Martinez report to resolve disputed issues of fact. See Shabazz v. Askins, 980 F.2d 1333, 1334-35 (10th Cir. 1992). Any such error was harmless, however, as we conclude that even accepting Hendrickson's allegations as true and resolving all disputed facts in his favor, the district court properly dismissed his complaint for failure to state a claim.

Hendrickson also contends that the district court erred when it determined that he failed to state a claim against Colonel Davis and Sheriff Rogers. Hendrickson's allegations that the officers involved in the incident were acting under the authority of Colonel Davis and Sheriff Rogers are insufficient to state a claim against these two officials. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). Further, Hendrickson's conclusional allegations,

_____

[1] Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

2

raised for the first time on appeal, that DPS officers are not trained for dynamic home entry, that Colonel Davis was personally involved in failing to train the DPS officers, and that Sheriff Rogers was personally involved by employing untrained DPS officers, are neither considered nor sufficient to prevent a dismissal for failure to state a claim. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003). The district court did not err in dismissing Hendrickson's complaint against Colonel Davis and Sheriff Rogers.

AFFIRMED.