United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 06-40114
Summary Calendar

---

DONELL WILLIAMS,

Plaintiff-Appellant,

versus

JOHNNY MASON,

Defendant-
Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-79
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Donell Williams, Texas prisoner # 1129379, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Williams alleges that he suffers bleeding gums and digestive difficulty, including diarrhea and cramps, due to the failure of the defendant to provide him with dentures. He alleges that no soft food diet has been implemented, that he has not received a pass allowing him to eat slowly, and that he is suffering

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disfigurement and may suffer bone loss. He contends that the denial of dentures showed deliberate indifference to his needs.

Because the district court dismissed both as frivolous and for failure to state a claim, our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). In his district court pleadings and the prison grievances attached to his complaint, Williams alleged that he suffered from cuts and bleeding taking days to heal; that certain foods were very difficult to chew; that he had digestive difficulties; that he needed dentures to chew properly; that the defendant had denied his request for dentures; and that he had not been issued a soft food pass. With Williams's allegations taken as true, it does not appear at this juncture that no relief could be granted based on his alleged facts. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 240 (5th Cir. 1999). If Williams suffered the injuries and conditions he alleges, then he may have a serious medical need for dentures. *See Farrow v. West*, 320 F.3d 1235, 1239-41 (11th Cir. 2003); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1988).

Moreover, the district court should not have relied on the *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), report and accompanying materials to refute Williams's claim at this stage in the proceeding. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997). We vacate the judgment of the district court and remand the case for further proceedings. In doing so, we express no opinion regarding the ultimate merits of the case.

VACATED AND REMANDED.