United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-41365
Summary Calendar
_____

WILLIS FLOYD WILEY,

                              Plaintiff-Appellant,

versus

RAYMOND E. THOMPSON, Warden, Beto I Unit; NEAL WEBB,
Asst. Warden, Beto I Unit; GUILLERMO DELAROSA, Captain,
Beto I Unit, in his Individual Capacity; FREDDIE MILTON, JR.,
nurse, University of Texas Medical Branch, in her Individual
Capacity; KENNETH LOVE, Physician, UTMB, in his Individual
Capacity; PRICILLA BUCKHANAN, Nurse, UTMB, in her Individual
Capacity; VERNON B MITCHELL, Lieutenant, Beto I Unit, in his
Individual Capacity; GILBERT ENNIS, Lieutenant, Beto I Unit,
in his Individual Capacity; WILLIAM LOTT, Sargent, Beto I
Unit, in his Individual Capacity; JOE CHILDRESS, Sargent,
Beto I Unit, in his Individual Capacity; CHARLES F. BYRGE, CO
IV, Beto Unit; JUSTIN LATHAM, CO III; MICHAEL T. TEDDER, CO
IV, Beto I Unit; CHRISTOPHER L. BARKER, CO III, Beto I Unit;
KENNETH W. SLATON, CO III, Beto I Unit; CHRISTY M. BERNAS,
Grievance Investigator, Beto I Unit; JEFFERY R BOBBITT,
Administration Segregation Property Officer, Beto I Unit;
CHARLES BRISTOW, CO III, Beto I Unit; MARY BILLUPS, Safety
Officer, Beto I Unit; ROBERT KENNEDY, CO III, Beto I Unit;
ALVIN L. MANN, CO IV, Beto I Unit; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

                              Defendants-Appellees.

                  ---------------------
        Appeal from the United States District Court
             for the Eastern District of Texas
                   USDC No. 6:05-CV-1
                  ---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Willis Floyd Wiley, Texas prisoner # 753383, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief can be granted. He does not, however, challenge the district court's conclusion that he failed to exhaust his claims against some defendants. He does not challenge the district court's dismissal of his claims that officers attempted to have him assassinated in retaliation for a prior lawsuit filed by Wiley, verbally threatened him, and planted drugs in his cell. Wiley also does not argue on appeal that the district court erred in concluding that defendants Raymond Thompson, Neal Webb, Guillermo Delarosa, and Vernon Mitchell were not personally involved in the actions taken against him and that these defendants could not be held liable under a theory of supervisory liability. As a result, all of these claims are deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Wiley's remaining claim involves his assertion that various defendants refused to allow him to use a handicapped accessible shower. He first contends that the magistrate judge erred in allowing the defendants to file a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), after the defendants failed to present evidence at a hearing before the magistrate judge. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this court has adopted the Martinez report as a tool, the magistrate judge's actions were not erroneous. See Cay v. Estelle, 789 F.2d 318, 323 n.4 (5th Cir. 1986), overruled on other grounds, Denton v. Hernandez, 504 U.S. 25 (1992).

Wiley also asserts that the magistrate judge erred in failing to appoint him counsel to refute the information provided by the State in the Martinez report. He has not shown that exceptional circumstances existed warranting such an appointment. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Consequently, the magistrate judge did not abuse her discretion in denying Wiley's request for counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). Likewise, Wiley's request for appointment of counsel on appeal is DENIED.

As he did in the district court, Wiley disputes the factual assertions made in the Martinez report. A Martinez report cannot be used to resolve disputed material facts if the defendants' assertions conflict with pleadings or affidavits submitted by the plaintiff. See Shabazz v. Askins, 980 F.2d 1333, 1334-35 (10th Cir. 1992); Hendrickson v. Davis, 172 F. App'x 48, 48 (5th Cir. 2006), cert. denied, 127 S. Ct. 969 (2007). A review of the record and the submissions of the parties reveals that the Martinez report addressed the accessibility of the entrance to the shower stall itself, while Wiley appears to be challenging the entrance to area in which the shower stall is located. Because it is not clear from the record whether Wiley in fact has

true access to a handicapped accessible shower facility, the decision of the district court is VACATED in part and REMANDED on this limited ground only. Moreover, in the district court Wiley may only proceed against defendants Joe Childress, Charles Byrge, Charles Bristow, Mary Billups, and Alvin Mann, as these are the remaining defendants considered by the district court who were not acting in a supervisory capacity. Although the district court did not dismiss the claims against defendant William Lott on supervisory grounds, Wiley alleged that this defendant acted in a supervisory role regarding his shower access and made verbal threats against him; as noted above, Wiley has not challenged the district court's basis for dismissing these claims.