# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-40027
Summary Calendar

LUCIOUS RAY JOHNSON

Plaintiff-Appellant

v.

JOY SECKLER; JOHN EATON; UNIVERSITY TEXAS MEDICAL BRANCH;
ATTORNEY GENERAL OF TEXAS

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-161

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lucious Ray Johnson, Texas prisoner # 278593, appeals the district court's dismissal of his pro se and in forma pauperis 42 U.S.C. § 1983 complaint against Joy Seckler, a registered nurse at his prison infirmary. Johnson alleged that Seckler gave him all purpose bleach to put on a yellow jacket sting, which caused him to suffer a second-degree burn on his upper right chest. The district court dismissed the complaint as frivolous and for failure to state a claim. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 1915A. The court determined, inter alia, that Seckler's actions did not give rise to an inference of deliberate indifference.

The dismissal of a complaint as frivolous is reviewed for an abuse of discretion, and a dismissal for failure to state a claim is reviewed de novo. Harper v. Showers, 174 F.3d 716, 718 n.3 (5th Cir. 1999). A dismissal based on frivolity may be upheld only if the complaint lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). A dismissal for failure to state a claim may be upheld only if it appears that even accepting all of the plaintiff's allegations as true, no relief could be granted under any set of facts that could be proven consistent with the allegations. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

Deliberate indifference is a legal conclusion which must rest on facts evincing wanton action on the part of the defendant. Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992); see also Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (conduct must clearly evince wanton disregard). "[S]ubjective recklessness as used in the criminal law" is the appropriate test for deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 839-40 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Johnson argues that Seckler's "bizarre behavior" in obtaining bleach from the cleaning supply closet and applying it, undiluted, to his skin is an obvious risk to a person's safety. Although the information obtained pursuant to the Martinez report indicated that a "bleach water" solution was used, we accept, as

true, Johnson's allegation that Seckler used undiluted bleach.[1] Nevertheless, Johnson has failed to establish that Seckler subjectively knew that there was a substantial risk of serious harm in applying the bleach. See Farmer, 511 U.S. at 847. Johnson also has failed to set forth any non-conclusional allegation that would support his assertion that Seckler "must have known" that her actions would cause serious injury to him. See Rios v. City of Del Rio, Texas, 444 F.3d 417, 421 (5th Cir. 2006). Johnson's argument that "one reasonable scenario" is that Seckler knew of the danger of applying undiluted bleach to the skin, but decided to use it anyway is a conclusional allegation, raised for the first time on appeal. His argument is thus neither considered nor sufficient to prevent a dismissal for failure to state a claim. Id.; Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Johnson has established nothing more than that Seckler acted negligently, which is insufficient to give rise to a cause of action under § 1983. See Varnado v. Lynaugh, 920 F.3d 320, 321 (5th Cir. 1991).

AFFIRMED.

---

[1] This court has adopted the procedure used in Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), as a tool in which an administrative record is constructed to assist in a determination of frivolity under 28 U.S.C. § 1915. See Norton v. Dimazana, 122 F.3d 286, 292-93 (5th Cir. 1997). However, a Martinez report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits. Shabazz v. Askins, 980 F.2d 1333, 1334-35 (10th Cir. 1992); Hendrickson v. Davis, 172 F. App'x 48 (5th Cir. 2006), cert. denied, 127 S. Ct. 969 (2007).