# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2013

No. 12-40910
Summary Calendar

Lyle W. Cayce
Clerk

CHESTER LOWE HUFF,

Plaintiff-Appellant

v.

DIRECTOR RICK THALER; STEPHANIE SANCHEZ; MATT BARBER; MARY HIGHTOWER; DONALD BILNOSKI,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-118

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Chester Lowe Huff, Texas prisoner # 582855, filed a 42 U.S.C. § 1983 complaint arguing that the defendants have detained him in administrative segregation in violation of his constitutional rights. Huff contends that his confinement to administrative segregation violates his due process rights because he was never given notice nor an opportunity to be present at the initial hearing placing him in administrative segregation. He further contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison rules and procedures were not followed in relation to his disciplinary hearings and that the Unit Classification Committee improperly classified him as a safety risk in order to keep him in administrative segregation. He also complains of the harsh conditions in administrative segregation, which include isolation from others, limited access to the law library, and no access to personal property. Huff further maintains that the defendants violated his constitutional rights by admitting him to the Jester IV Psychiatric Facility as a "'voluntary' mental patient when he was incompetent to give informed consent to his admission."

Huff consented to proceed before a magistrate judge (MJ) pursuant to 28 U.S.C. § 636(c). Because the MJ found that Huff's complaint was both frivolous and failed to state a claim under both 28 U.S.C. § 1915(e) and § 1915A, review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). In the absence of extraordinary circumstances, administrative segregation does not impose an atypical and significant hardship required to trigger the protections of the Due Process Clause. *Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008). Huff has not demonstrated extraordinary circumstances in connection with his administrative segregation. *Cf. Wilkinson v. Austin*, 545 U.S. 209, 214 (2005); *Wilkerson v. Stalder*, 329 F.3d 431, 433, 435-36 (5th Cir. 2003). Further, Huff's claim that the defendants violated his due process rights by admitting him to Jester IV as a "'voluntary' mental patient when he was incompetent to give informed consent to the admission" is raised for the first time before this court. As such, this court will not consider it. *See Jennings v. Owens,* 602 F.3d at 652, 657 & n.7 (5th Cir. 2010).

Huff also contends that Sergeant Anita Wessels has kept him in administrative segregation in retaliation for naming her in past prison grievances. Filing a grievance is a constitutionally protected activity, and a prison official may not retaliate against a prisoner for engaging in a protected activity. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To state a

retaliation claim, a prisoner "must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* at 1166. Huff does not challenge the MJ's determination that even if he could establish that Sergeant Wessels signed the administrative segregation review with retaliatory intent, Huff could not establish that this action alone kept him in administrative segregation since other security personnel signed off on the monthly reviews. Huff also does not challenge the MJ's determination that his ineffectiveness claim against his counsel substitute is not a cognizable § 1983 claim. As such, he has abandoned these claims before this court. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Huff's appeal lacks any issue of arguable merit, is therefore frivolous, and is dismissed as such. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. This court's dismissal as frivolous and the district court's dismissal of Huff's § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted each count as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Huff was previously warned that he had accumulated one strike from the district court's dismissal of his § 1983 action as frivolous and for failure to state a claim upon which relief may be granted. *See Huff v. Manfredi*, No. 12-40579, 2012 WL 6717363, at *3 (5th Cir. Dec. 27, 2012) (unpublished). Because Huff has accumulated three strikes, he is now barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

DISMISSED AS FRIVOLOUS; 28 U.S.G. § 1915(g) BAR IMPOSED.