# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20480

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2019

Lyle W. Cayce
Clerk

ANDREW GONZALES,

> Plaintiff – Appellant,

v.

MATT GROSS, Assistant Regional Director; CHRISTOPHER LACOX, Assistant Warden; JOHN DOE, Unit Classification Coordinator; DEBBIE BALLARD, Chief of Classification; JOHN DOE, Assistant Warden,

> Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3190

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Andrew Gonzales, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 complaint against several employees of the Texas Department of Criminal Justice, alleging that these employees wrongfully imposed a Security Precaution Designator (SPD) code on him in retaliation for filing

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

grievances.  The district court dismissed the complaint for failure to state a claim.  We REVERSE and REMAND.

## I.

The allegations in Gonzales's complaint stem from an incident that occurred at the Estelle Unit in September 2014.  According to Gonzales, he and several other inmates got into a physical altercation with several correctional officers, including Officer Lenderman.  Gonzales claims that Officer Lenderman did not suffer any injuries.  Gonzales was subsequently charged with and found guilty of disciplinary offenses—participating in a riot and assaulting an officer.  As a result, Gonzales lost certain privileges for 45 days and forfeited 349 days of good-time credit.  Gonzales unsuccessfully filed grievances to challenge the disciplinary conviction.

Gonzales alleges that Major John Doe, as a warden designee, "personally threatened [him] against filing a grievance" and warned that "he would get f----d over if he filed a grievance."  Gonzales nevertheless filed a grievance, and he alleges that the prison officials placed the SPD code in his file in retaliation.  According to Gonzales, Major Doe "arbitrarily and maliciously direct[ed] Debbie Ballard, [Chief of Classification,] to create [a] false SPD recommendation in retaliation."  Specifically, Gonzales alleges that Major Doe and Ballard "alter[ed] or falsif[ied] record[s] so [the] SPD recommendation . . . reflect[ed that Gonzales] caused Officer Lenderman serious injuries."  Gonzales also alleges that another John Doe, the unit classification coordinator, placed the SPD classification for causing a serious injury although his disciplinary records showed that Officer Lenderman did not suffer a serious injury.  Gonzales further alleges that the remaining defendants, Christopher Lacox, the assistant warden, and Matt Gross, the assistant regional director, failed to stop the retaliation.

No. 18-20480

After Gonzales filed a *pro se* brief, the district court ordered Gonzales to file a more definite statement, which he did. The district court also directed the Texas Attorney General to file a *Martinez* report, which included Gonzales's prison grievance and disciplinary records.[1] The Texas Attorney General also filed a supplement to the *Martinez* report to include Gonzales's sealed medical records.

The district court issued a memorandum opinion and order dismissing Gonzales's complaint for failure to state a claim upon which relief may be granted. Relying on the grievance records upholding the SPD code, the district court held that Gonzales failed to allege facts supporting the causation element of his retaliation claim.[2] The district court dismissed Gonzales's complaint with prejudice. Gonzales appeals the dismissal of his retaliation claim as well as the denial of an opportunity to amend his complaint.

## II.

We review *de novo* the dismissal of a complaint for failure to state a claim. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018). "[W]e must 'accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.'" *Id.* (quoting *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 305–06 (5th Cir.

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving the district court order requiring prison officials to investigate underlying factual allegations to assist the court's assessment of an inmate's 42 U.S.C. § 1983 claim); *see also Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007) (observing that while this court has found it useful to request administrative records compiled in a *Martinez* report, the report "cannot be used to resolve disputed material facts if the defendants' assertions conflict with pleadings.").

[2] On appeal, Gonzales does not challenge the district court's conclusion that he failed to state a due process claim and that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his attempts to undermine the validity of his disciplinary conviction resulting from the incident. Therefore, we consider these arguments abandoned and review only the retaliation claim based on the alleged wrongful imposition of the SPD code, which Gonzales briefed. *See Sissom v. Univ. of Tex. High Sch.*, No. 17-50913, 2019 WL 2462609, at \*3 (5th Cir. June 13, 2019) (published) (requiring *pro se* appellants to brief arguments to preserve them).

2015)).  To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The facts alleged must 'be enough to raise a right to relief above the speculative level,' but the complaint may survive a motion to dismiss even if recovery seems 'very remote and unlikely.'" *Innova Hosp.*, 892 F.3d at 726 (quoting *Twombly*, 550 U.S. at 555–56).  "If a complaint is written *pro se*, we are to give it a liberal construction." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## III.

"To state a valid claim for retaliation under [S]ection 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (alteration in original) (quoting *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008)).  "Filing a grievance is a constitutionally protected activity . . . ." *Id.* (quoting *Huff v. Thaler*, 518 F. App'x 311, 312 (5th Cir. 2013)).  To show causation, a plaintiff must allege that "but for the retaliatory motive[,] the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  A plaintiff must "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Cain v. Lane*, 857, F.2d 1139, 1143 n.6 (7th Cir. 1988)).

The district court erred in dismissing Gonzales's complaint because it sufficiently alleges "a claim to relief that is plausible on its face." *Twombly*,

550 U.S. at 570.  Gonzales's complaint and more definite statement allege that the prison officials imposed the SPD code on Gonzales because he filed a grievance regarding his disciplinary convictions.  Furthermore, the SPD code was initiated on the same day as Gonzales's filing of his grievance, which increases the plausibility of retaliation.  *See Richard v. Martin*, 390 F. App'x 323, 325 (5th Cir. 2010) (holding that a prisoner's allegations that he was placed in solitary confinement on the same day he filed a grievance was sufficient to state a claim).  These allegations set forth a "chronology of events from which retaliation may be plausibly inferred."  *Woods*, 60 F.3d at 1166.  Gonzales also alleges that Major Doe threatened him against filing a grievance.  In *Brown*, we held that a civil commitment facility official's statements that a committed person was known as "a problem" for filing grievances and the facility would not tolerate further problems, if true, could constitute direct evidence of retaliatory motive.  *Brown*, 911 F.3d at 245–46.  Likewise, Major Doe's threat, if true, can constitute direct evidence of retaliatory motive.

The district court concluded that Gonzales did not allege facts that would satisfy the causation element because "he [did] not allege facts showing that, but for any grievance that he filed, the SPD [c]ode would not have been placed on [him]."  In the district court's view, even without any alleged retaliation, the SPD code would have been placed anyway in connection with the disciplinary conviction.  However, at this stage of litigation, we must view the facts in the light most favorable to Gonzales.  *See Brown*, 911 F.3d at 246.  Moreover, the Texas Attorney General's own filings—namely, the offense report on the incident—show that Officer Lenderman suffered non-serious injury, even though the prison officials imposed the SPD code on the grounds that Gonzales caused serious injuries.  This discrepancy—combined with Major Doe's threat,

No. 18-20480

which we accept as true at this stage—lead to a plausible inference that the SPD code was placed on Gonzales as a retaliation.[3]

* * *

We REVERSE the dismissal of Gonzales's complaint as to the retaliation claim and REMAND for further proceedings consistent with this opinion.

---

[3] Because we reverse the dismissal of the complaint, we do not address whether the district court abused its discretion in denying Gonzales an opportunity to amend his complaint before dismissing it.