# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2020

Lyle W. Cayce
Clerk

No. 17-11533

Enrique Cardona,

*Plaintiff—Appellant*,

*versus*

Orlando Taylor; Timothy Denney; Burton; Capps; Miguel Alvarado; Rebecca Shults; Office of the Attorney General of Texas,

*Defendants—Appellees*.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:14-CV-42

Before Barksdale, Elrod, and Ho, *Circuit Judges*.\*

Per Curiam:\*\*

Following a raid of his prison cell, Enrique Cardona filed a *pro se* suit against various officers of the Texas Department of Criminal Justice for

---

\* Judge Ho concurs only in the judgment.

\*\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-11533

excessive use of force, deliberate indifference, and failure to intervene under the Eighth Amendment. As ordered by the district court, the Texas Attorney General filed a *Martinez* report, which included a video recording of the incident. Relying on the report and video, the district court dismissed Cardona's suit for failure to state a claim.

Because the district court erred by using the *Martinez* report to resolve material disputed facts and because Cardona's complaint does state a claim for relief, we reverse and remand.

I.

As discussed *infra*, we take as true the facts alleged in Cardona's complaint, viewing them in the light most favorable to him. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). Responding to an alleged disciplinary violation by Cardona and his cellmate, the prison assembled an eight-person "use of force" squad to raid their prison cell. The squad fired tear gas into the cell after Cardona and his cellmate initially ignored demands to remove obstructions blocking the entrance. Once the officers managed to open the door, they shackled Cardona and strip-searched him. The officers then moved Cardona, who was still incapacitated by the tear gas, outside his cell, where they body-slammed him to the concrete floor. After forcing him to the ground, and while he remained shackled and handcuffed, the officers kneed Cardona in the back and repeatedly bent his thumb backwards. They then ordered Cardona, still naked, back into his tear-gas-filled cell.

Cardona suffered head trauma, facial contusions, a nose fracture, interior bleeding, chipped teeth, and injuries to his left hand, lower back, and pubic bone following the altercation. He was later treated by medical personnel.

No. 17-11533

According to a departmental investigation, the officers' use of force violated Texas Department of Criminal Justice policy. Members of the squad were disciplined for their actions. One officer was fired, and another was placed on probation.

Cardona brought suit under 42 U.S.C. § 1983. The district court ordered the Texas Attorney General[1] to investigate and file a *Martinez* report detailing its findings.[2] After reviewing the report, which included a video recording of the incident, the court dismissed Cardona's claims for failure to state a claim pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii). Cardona appeals.

## II.

A dismissal under § 1915(e)(2)(B)(ii) "for failure to state a claim is reviewed *de novo* under the same standard applied to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Alderson*, 848 F.3d at 419. "Thus, we review the district court's dismissal 'taking the facts alleged in the complaint as true and viewing them in the light most favorable to' the plaintiff." *Id.* (quoting *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010)).

---

[1] The Attorney General's appearance as amicus is inappropriate in cases, like this one, where it uses its amicus position to make arguments as a party would. As such, we deem it to have appeared as a party. On remand, the district court shall direct the State of Texas to formally appear. *See Brown v. Taylor*, 911 F.3d 235, 242 n.6 (5th Cir. 2018) (deeming the State of Texas to have appeared as a party in the appeal after the Attorney General "submitted a[n] [amicus curiae] brief, volunteered to appear for oral argument, and addressed the merits of the case"). The court acknowledges that *Brown* was not filed until after the Attorney General had appeared as amicus.

[2] This court has adopted the procedure used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing whether prisoner complaints are frivolous for screening purposes under 28 U.S.C. § 1915. *See Norton v. Dimazana*, 122 F.3d 286, 292–93 (5th Cir. 1997). The resulting administrative record is commonly referred to as a "*Martinez* report."

No. 17-11533

To survive dismissal, a complaint must contain sufficient factual matter that, when taken as true, states a claim for relief that is plausible on its face. *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put another way, the plaintiff must allege facts "sufficient to support a reasonable inference that the defendants are liable under § 1983." *Alderson*, 848 F.3d at 419.

Last, we must also consider Cardona's suit in light of his status as a *pro se* litigant. His complaint is therefore "held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). After Cardona's *pro se* appellate brief was filed, counsel was appointed for him and filed a supplemental brief. There is a difference of opinion in our court about whether to consider the *pro se* brief on appeal in light of appointed counsel's later filing a supplemental brief. *Compare Humphrey v. Cain*, 130 F.3d 524, 530 n.2 (5th Cir. 1997), *reh'g en banc*, 138 F.3d 552 (1998), with *Mayberry v. Tarrant Cty.*, 34 F. App'x 962, at *2 n.3 (5th Cir. 2002). We need not address that difference because the *pro se* brief standing alone is only addressed in note 4 for a claim raised only in that brief and rejected in that note.

## III.

Cardona argues that dismissal for failure to state a claim was improper because (1) the district court failed to accept as true the facts alleged in his complaint, relying instead on the *Martinez* report in making its factual determinations and (2) were the district court to actually take the facts alleged in his complaint as true, he would have surpassed the threshold to survive dismissal for failure to state a claim. We agree with Cardona.

No. 17-11533

A.

First, the district court assigned "great weight" to the *Martinez* report in concluding that Cardona failed to state a claim. But Cardona disputes the *Martinez* report's findings. And we have stated, on numerous occasions, that information from a *Martinez* report may not be used to resolve material disputed facts when the information conflicts with the plaintiff's pleadings. *E.g.*, *Hamer v. Jones*, 364 F. App'x 119, 123 (5th Cir. 2010) (specifically referring to the district court's adoption of video evidence contained in the *Martinez* report); *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009); *Johnson v. Seckler*, 250 F. App'x 648, 649 & n.1 (5th Cir. 2007); *Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007); *Williams v. Mason*, 210 F. App'x 389, 390 (5th Cir. 2006); *Hendrickson v. Davis*, 172 F. App'x 48, 48 (5th Cir. 2006); *see also Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("[T]he court is not authorized to accept the factual findings of the prison investigation [contained in the *Martinez* report] when the plaintiff has presented conflicting evidence.").

The district court therefore erred by resolving factual disputes in favor of the *Martinez* report's findings rather than in favor of Cardona's complaint.

B.

Second, taking the facts alleged in Cardona's complaint as true, we conclude that he properly stated a claim for relief.[3] Cardona pleaded three claims: (1) excessive use of force; (2) deliberate indifference; and (3) failure to intervene.[4] We consider each in turn.

---

[3] Prior to receiving the *Martinez* report, the district court had found that Cardona's complaint had alleged sufficient facts to allow his claims to proceed.

[4] Cardona also contends in his *pro se* brief on appeal that the district court violated his right to a jury trial under the Seventh Amendment. But as we have noted, dismissal

No. 17-11533

1.

To establish a claim for excessive force under the Eighth Amendment, the plaintiff must assert that "force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm.'" *Eason v. Holt*, 73 F.3d 600, 601–02 (5th Cir. 1996) (alteration in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, Cardona alleges that two officers slammed him against the concrete floor while he was handcuffed, shackled, and still incapacitated by the tear gas. One or both officers then proceeded to knee Cardona in the back and repeatedly bend his thumb backwards until it nearly fractured.

As a result of this force, Cardona sustained a concussion, sprained thumb, fractured nose, injuries to his lower back and pubic bone, and quite a few chipped teeth. He contends that at the time he was shoved to the ground, he was not resisting and could not have posed a physical threat to any officer.

To Cardona, the officers' actions constitute malicious and sadistic use of force. Taking his allegations as true, and viewing them in the light most favorable to Cardona, we agree. *See Bourne v. Gunnels*, 921 F.3d 484, 492 (5th Cir. 2019) (concluding that the plaintiff demonstrated a genuine dispute of material fact where force was employed after he was handcuffed and shackled on the floor, notwithstanding the officers' contention that the plaintiff continued resisting); *Preston v. Hicks*, 721 F. App'x 342, 345 (5th Cir. 2018) (holding that the plaintiff alleged facts sufficient to state an excessive-force claim, despite medical documentation indicating that his injuries might not have been that severe, where the prison guard twisted the plaintiff's right arm

---

"pursuant to a valid . . . motion [to dismiss for failure to state a claim] does not violate [the plaintiff's] right to a jury trial under the Seventh Amendment." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014).

while he was "face down on the ground"). Cardona has thus stated a claim for relief on this ground.

2.

Cardona also alleges that officers were deliberately indifferent to his health and safety. "Deliberate indifference is established by showing that the defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'" *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)).

Cardona alleges the officers were deliberately indifferent when they ordered him back into his cell still filled with tear gas, refused to provide supplies for decontamination, denied him the opportunity to go to the medical department for treatment for injuries and exposure to the tear gas, and declined to house him in a cell free of the tear gas. This, according to Cardona, violated both the prison's policies and procedures regarding ventilation and decontamination and ignored the warnings provided by the manufacturer of the tear gas.

Here, too, Cardona has stated a plausible claim for relief. Although the district court, in dismissing this claim, noted that the medical records did not reflect any complaint by Cardona that he was in need of decontamination or that he was suffering from any risk to his health or safety by being placed back in his tear-gas-filled cell, his complaint says otherwise. And as we have said, information from a *Martinez* report may not be used to resolve material disputed facts when the information conflicts with the plaintiff's pleadings. *E.g.*, *Williams*, 210 F. App'x at 390 (citing *Norton v. Dimazana*, 122 F.3d 286, 292–93 (5th Cir. 1997)) (holding that the "district court should not have

relied" on the medical records contained in the *Martinez* report to refute the plaintiff's deliberate-indifference claim "at this stage in the proceeding").

Even assuming that we could consider medical records themselves without any doctors' affidavits, it would not change the outcome here. In *Norton*, we held that it was error (albeit harmless) to consider a doctor's affidavit when reviewing a deliberate-indifference claim. *See* 122 F.3d at 293. But we also considered the prisoner's medical records. In that case, the records indicated that Norton "was afforded extensive medical care by prison officials, who treated him at least once a month for several years, prescribed medicine, gave him medical supplies, and changed his work status to reflect the seriousness of his problem." *Id.* at 292. Here, unlike in *Norton*, the medical records themselves do not reflect any treatment for Cardona's alleged injuries. Therefore, Cardona's deliberate-indifference claim should be allowed to proceed.

3.

Finally, Cardona alleges that some officers failed to intervene to protect him from the excessive force used against him. To state a claim, the prisoner must allege sufficient facts showing that an officer knew that a fellow officer was violating the prisoner's constitutional rights; the officer had a reasonable opportunity to prevent the harm; and the officer chose not to act. *Kitchen v. Dallas Cty.*, 759 F.3d 468, 480 (5th Cir. 2014), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

Because we determined that Cardona sufficiently stated a claim for relief regarding the officers' use of excessive force, and because he alleges that other officers, including the supervising officer, were present during the raid but failed to intervene, we conclude that he has stated a claim for relief on this ground as well.

No. 17-11533

## IV.

For the foregoing reasons, we REVERSE and REMAND.