# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2021

Lyle W. Cayce
Clerk

No. 18-41043

Jerry Lenez Bangmon,

*Plaintiff—Appellant*,

*versus*

Damon Alexander; Sergio G. Buentello; Willie M. Ratliff; Gretta K. Bennett; Beverly A. White; Aquisha Guidry; Edgar J. Hulipas; Terry W. Speers; Emily Shortridge,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-370

---

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

An Texas state prison inmate brought suit alleging that various correctional officers violated his civil rights. The district court dismissed some claims as frivolous and granted summary judgment on others. We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-41043

AFFIRM in part, VACATE in part, and REMAND for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Jerry Lenez Bangmon, Texas prisoner # 1568309, filed a lawsuit raising Eighth and Fourteenth Amendment claims against several defendants, all of whom were employees of the Texas Department of Criminal Justice's ("TDCJ") Darrington Unit during the events alleged in the complaint.

Many of Bangmon's claims relate to an incident that occurred in November 2012. We accept the description of that incident as described in the complaint in this suit. Bangmon was walking in a hallway on crutches when defendant Damon Alexander approached in a "very hostile and aggressive man[ner]." Alexander threatened to sexually assault Bangmon, grabbed him and, without provocation or justification, "intentionally, maliciously and sadistically snatched [him] ten to eleven feet across the . . . hallway and threw him into the wall." Alexander pinned Bangmon there and threatened to "stomp[]" him if he fell. Bangmon was injured during the attack.

Bangmon sued Alexander. He also sued others. One defendant was Sergio G. Buentello, a corrections officer who Bangmon claimed witnessed the attack but failed to protect Bangmon or report the attack. Other defendants are Willie M. Ratliff and Beverly A. White, corrections officers who allegedly denied Bangmon's requests for medical attention after the attack. Also joined as defendants were Gretta K. Bennett, who allegedly

2

No. 18-41043

conspired with others to cover up the attack; and Aquisha Guidry, who allegedly failed to respond to video evidence of the attack.[1]

Finally, Bangmon brought claims against two medical professionals at Darrington. Bangmon alleges that defendant Edgar J. Hulipas's deliberate indifference included his failing to respond to Bangmon's medical complaints (including complaints related to the attack) and denying him use of ambulatory devices. Bangmon alleges that defendant Terry W. Speers, a Darrington nurse practitioner, violated his Eighth and Fourteenth Amendment rights by denying him access to a walking cane or other walking device.

The district court ordered the Texas Attorney General, who represents all of the defendants except Buentello, to file a *Martinez*[2] report to assist the court in evaluating Bangmon's claims. The AG filed the report in January 2018.

The district court thereafter entered a series of orders. It dismissed the claims for money damages against all defendants in their official capacities on Eleventh Amendment grounds. As for the claims against defendants in their individual capacities, the court dismissed the claims against Alexander and Buentello as frivolous under 28 U.S.C. § 1915(e)(2)(B). It granted summary judgment in favor of Ratliff, White, Bennett, and Guidry, concluding that Bangmon had failed to exhaust his

---

[1] Emily Shortridge is identified as a defendant in the caption for this appeal. In his brief, Bangmon disclaims seeking relief against Shortridge.

[2] This court has adopted the procedure used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing whether prisoner complaints are frivolous. *See Norton v. Dimazana*, 122 F.3d 286, 292–93 (5th Cir. 1997). The resulting administrative record is commonly referred to as a "*Martinez* report."

administrative remedies on those claims. The court concluded that the claims against Guidry and Bennett also should be dismissed for failure to state a claim under Section 1915(e)(2)(B). As to the medical professionals, the district court granted summary judgment in favor of Hulipas and Speers, concluding that the conduct about which Bangmon complained did not rise to the level of deliberate indifference. Bangmon appealed.

## DISCUSSION

Bangmon proceeded *pro se* in the district court and continues to do so on appeal. We liberally construe arguments in a *pro se* brief, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but we still require *pro se* parties to brief their arguments adequately, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Liberally construed, Bangmon's brief challenges the district court's dismissal of the claims against Alexander and Buentello and the entry of summary judgment in favor of Ratliff, White, Bennett, and Guidry.[3] Bangmon also challenges the denial of his motion to compel production of a video of the alleged use of force. We will separately review these arguments.

### I. *Dismissal*

Bangmon argues that the district court erred by holding, in part based on qualified immunity, that the claims against Alexander and Buentello were frivolous under Section 1915(e)(2)(B)(i).

A claim may be dismissed as frivolous under Section 1915(e)(2)(B)(i) "if it does not have an arguable basis in fact or law." *Brewster v. Dretke*, 587

---

[3] Bangmon also claims error in the dismissal under Section 1915(e)(2)(B) of the claims against Guidry and Bennett. Because we conclude that entry of summary judgment in favor of Guidry and Bennett was proper, we do not reach the question of whether Bangmon failed to state a claim against these defendants.

F.3d 764, 767 (5th Cir. 2009).   We review such dismissals for abuse of discretion.  *Id.*  A "district court by definition abuses its discretion when it makes an error of law."  *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (citation omitted).

Bangmon sued Alexander for excessive use of force.  "To establish the use of excessive force in violation of the Constitution, a plaintiff must prove: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012) (quotation marks and citation omitted).  In the context of an excessive-force claim against prison officials, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).  Force beyond that which is reasonably required to maintain or restore discipline is "wanton and unnecessary."  *Id.* at 7.

Bangmon's complaint claimed that Alexander threw him against a wall without justification.  Bangmon also submitted the declarations of two inmates that provide some corroboration of his account.  Bangmon alleges he suffered an injury as a result of the incident.

The district court determined that these allegations were "conclusory" because they were refuted by the administrative and medical records in the *Martinez* report.  However, a *Martinez* report may not be used to resolve genuine disputes of material facts when the information conflicts with the plaintiff's pleadings.  Several unpublished opinions of this court have so held, and we adopt them here as valid analysis.  *See, e.g.*, *Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020); *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009); *Williams v. Mason*, 210 F. App'x 389, 390 (5th Cir. 2006). Bangmon's complaint provided a detailed explanation of this

event that was not frivolous. The district court should not have resolved factual disputes based on the *Martinez* report's findings.

Bangmon brings a claim against Buentello for bystander liability. The failure to protect an individual from the use of excessive force by other officers can give rise to liability under Section 1983. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). The district court's dismissal of Bangmon's claim against Buentello is premised entirely upon its dismissal of the claim against Alexander. Since the district court erred in its dismissal of the claim against Alexander, we conclude that the district court also erred in dismissing the claim against Buentello.

## II.    *Summary judgment*

Bangmon argues that the district court erred by granting summary judgment on his remaining claims. We review the entry of summary judgment *de novo*, viewing "all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Summary judgment is proper if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

### A.    *Defendants Ratliff, White, Bennett, and Guidry*

The district court granted summary judgment in favor of Ratliff, White, Bennett, and Guidry, concluding that Bangmon failed to exhaust his administrative remedies against these defendants.

The Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies prior to filing a Section 1983 lawsuit. 42 U.S.C. § 1997e(a). The exhaustion requirement gives officials "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). To exhaust administrative remedies, a prisoner must pursue all available avenues of relief

and comply with all administrative remedies and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89–95 (2006).

The Texas prison system provides a two-step process for filing grievances, and a prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *Johnson*, 385 F.3d at 515. In an unpublished opinion, we held that a prisoner did not exhaust administrative remedies when he raised issues for the first time in step two of the grievance process. *Randle v. Woods*, 299 F. App'x 466, 467 (5th Cir. 2008). That conclusion is correct, and we will not repeat that panel's analysis.

We agree with the district court that Bangmon did not exhaust his administrative remedies with regard to the alleged misconduct of Ratliff, White, Guidry, and Bennett. As for Ratliff, White, and Guidry, Bangmon did not mention any misconduct against these defendants in a step 1 or step 2 grievance. Although Bangmon mentioned Bennett in a step 2 grievance, that belated reference was inadequate to give TDCJ the time and opportunity to address his complaint. Bangmon fails to show that the district court erred by granting summary judgment in favor of Ratliff, White, Bennett, and Guidry.[4]

B.    *Defendants Hulipas and Speers*

Bangmon contends that the district court erred by granting summary judgment in favor of Hulipas and Speers on his deliberate indifference claims. Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which indifference amounts to an

---

[4] Liberally construing his brief, Bangmon asserts that Ratliff, White, Alexander, Buentello, Guidry, and Bennett conspired to cover up Alexander's attack by refusing to file use-of-force reports. These allegations are conclusory and do not appear in Bangmon's complaint. Further, the record lacks evidence that Bangmon exhausted his administrative remedies as to these claims.

"unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). To prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Deliberate indifference is an extremely high standard to meet." *Domino*, 239 F.3d at 756.

Bangmon insists that Hulipas and Speers violated his Eighth Amendment rights by denying his requests for ambulatory devices and delaying his receipt of surgery based upon incomplete medical records and their incorrect beliefs that he was malingering. Bangmon does not meaningfully respond to the district court's reasoning that the treatments in question were based on clinical observations and medical indications, and that his mere disagreement with his course of treatment is insufficient to establish an Eighth Amendment violation. *See Gobert*, 463 F.3d at 346. His assertion that treatments were based on incomplete or incorrect information at best alleges negligence or malpractice, neither of which, if proven, would establish deliberate indifference. *See id.*

Bangmon fails to show that the district court erred by granting summary judgment in favor of Hulipas and Speers.

III. *Discovery*

Bangmon alleges that there is a video of the use of force by Alexander. In the district court, he moved to compel production of the video. Among the exhibits attached to the *Martinez* report was an affidavit from the TDCJ's

Administrative Monitor for the Use of Force Department who certified that "after a diligent search, no Use of Force Report(s) to include videos/photographs has been located in the name of Jerry Bangmon . . . pertaining to a use of force incident that occurred on November 16, 2012" ("no-use-of-force affidavit"). In *pro se* objections to the *Martinez* report, Bangmon insisted that, despite the no-use-of-force affidavit, a video of the incident could be "obtained from the surveillance [camera] system, memory-storage, mainframe, archives etc."

The district court denied Bangmon's motion to compel the video without explaining its reasoning. In light of our holding vacating the dismissal of the claims against Alexander and Buentello, we also VACATE the district court's order denying the motion to compel and remand with instructions to permit such discovery as the district court deems necessary, which may include discovery of whether TDCJ's previous search efforts included the sources identified in Bangmon's motion and, if not, whether relevant video footage in fact could be obtained from one or more of those sources.

## IV.    *Motions*

We DENY Bangmon's motions for appointment of counsel and for sanctions against the defendants. Bangmon is free to renew his motion for appointment of counsel before the district court upon remand.

We VACATE the dismissal of the claims against Alexander and Buentello, AFFIRM the entry of summary judgment on the remaining claims, VACATE the order on the motion to compel, and REMAND for further proceedings.