# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2014

Lyle W. Cayce
Clerk

No. 12-20806

————

RICHARD A. HAASE; AUDREY L. HAASE,

Plaintiffs – Appellants

v.

COUNTRYWIDE HOME LOANS, INCORPORATED; BANK OF AMERICA
CORPORATION; BANK OF AMERICA, N.A.; DEUTSCHE BANK AG;
MORGAN STANLEY ABS CAPITAL I, INCORPORATED; BARRETT
DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.; ANGELO MOZILO;
DEUTSCHE BANK TRUST COMPANY; CERTIFICATE HOLDERS FOR
MORGAN STANLEY ABS CAPITAL I INC TRUST 2006-HE6, MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2006-HE6,

Defendants – Appellees

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before JOLLY, SMITH, and SOUTHWICK, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal challenges a district court's dismissal of Richard and Audrey Haase's (the "Haases'") claims asserted against two financial entities and a law firm. The controversy stems from the Haases' home equity loan and their failure to make the required payments on the loan. We find jurisdiction to review, and we AFFIRM all the orders from which the Haases appeal.

No. 12-20806

I.

This dispute has a long and sinuous history, first starting out in state court, then removal, and continuing with a flood of motions in the district court. We will first recount facts significant to this appeal. In 2006, when the Haases obtained a home equity loan from New Century Mortgage ("New Century"), New Century received a security interest in the Haases' home in Missouri City, Texas, a suburb of Houston. The parties executed the home equity security interest ("Security Agreement") and a corresponding agreement to repay the loan ("Note") in the amount of $173,600. New Century, at the outset of the loan, was both the lender/mortgagee and the loan/mortgage servicer, but by November 2006, Countrywide Home Loans ("Countrywide") gave notice to the Haases that it would be servicing their loan in the future.

Particularly relevant to the issues before us, the Haases' Security Agreement contained a provision requiring that the Haases maintain property insurance on the home. If the Haases failed to keep the insurance on their home current, the provision gave the lender the option to obtain insurance coverage at the Haases' expense. If the lender exercised this option, any amounts expended in acquiring the policy would become additional debt on the Haases' loan.

In August 2007, Countrywide refused to accept the Haases' regularly scheduled monthly loan payment. The Haases contacted Countrywide, inquiring about the refusal, and Countrywide explained that the monthly payment had increased because the Haases had failed to maintain homeowners' insurance after the expiration of their policy in April 2007. Nevertheless, Countrywide agreed to credit the lower payment, but warned the Haases that future payments would be accepted only if in the higher amount. Further, when the Haases could provide evidence of sufficient insurance, Countrywide would credit the Haases the amount of insurance premium

2

## No. 12-20806

leftover. Shortly after receiving this information, the Haases obtained their own insurance and sent the proof of coverage to Countrywide. Countrywide credited the Haases' account for the unused portion of the home insurance premium.

Countrywide's purchased policy, however, had covered a time period from April, 2007 to September, 2007, the period for which the Haases' had allowed their insurance to lapse. The Haases again attempted to pay the amount of their basic loan payment instead of paying the new higher amount reflecting reimbursement for Countrywide's insurance premium. Countrywide, once again, told them that loan payments less than the amount owed would not be accepted in the future.

Notwithstanding Countrywide's explanation for the higher loan payments, the Haases were unimpressed and filed a pro se suit in Texas state court claiming breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and slander. The essence of the Haases' claim grew out of Countrywide's refusal to accept the tendered payments. The Haases alleged that the additional insurance charges were improperly charged.[1]

In 2008, while this case was pending, New Century assigned the note to Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee on behalf of Morgan Stanley ABS Capital I, Inc. Trust 2006 HE6, Mortgage Pass-Through Certificates, Series 3006-HE6 ("Morgan Stanley"). During this time the loan servicer also changed several times, with the most recent change taking place in July 2011 when Bank of America, N.A. took over the servicing.

In May 2012, the Haases amended their complaint to add a claim under the Real Estate Settlement Procedures Act ("RESPA"); this amendment

---

[1] The Haases' home has not yet been foreclosed upon, and they are not currently making payments on their loan as far as this record shows.

No. 12-20806

prompted the defendants to remove the case to federal court on the basis of federal question jurisdiction.[2]   The Haases' complaint in the removed case included the following defendants: (1) Countrywide, (2) Bank of America Corporation, (3) Bank of America, N.A., (4) Deutche Bank National Trust Company ("Deutsche BNTC"), (5) Morgan Stanley, and (6) Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin").[3]

Following the filing of multiple motions, the magistrate judge denied several of the Haases' non-dispositive motions, and on her own volition asked that the parties provide summary judgment evidence as to the Haases' RESPA claim.  The magistrate judge then issued two separate opinions recommending that (1) the district court grant two of the defendants' motions to dismiss the state law claims against them, and (2) that summary judgment be granted in favor of the defendants as to the Haases' RESPA claim, the sole federal claim in the case.   Thus disposing of the RESPA claim, the magistrate judge recommended denying supplemental jurisdiction over the remaining state law claims and then to remand their remaining claims to state court.  On December 5, 2012, the district court signed an order adopting the recommendations and entered judgment accordingly.  One week later, the Haases filed their notice of appeal.

---

[2] RESPA is a comprehensive federal act that "ensures . . . real estate consumers 'are provided with greater and more timely information on the nature and costs of the settlement process [with lenders] and are protected from unnecessarily high settlement charges caused by certain abusive practices.'"  *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003) (quoting 12 U.S.C. § 2601(a)).

[3] As the magistrate judge's second Memorandum pointed out, there was no evidence that Angelo Mozilo or Deutsche Bank, AG, two other defendants named in the suit, had ever been served with process.  They were not proper parties in the district court, nor are they proper parties to this appeal.

No. 12-20806

II.

We begin by addressing the question of whether we have appellate jurisdiction over the Haases' appeal. We should note at the outset that the appellants have not appealed the remand provision of the judgment; they have only appealed the grant of partial summary judgment in favor of the bank defendants and the grant of Morgan Stanley's and Barrett Daffin's motions to dismiss. But, the appellees have questioned whether this court has appellate jurisdiction because, they argue, the district court's judgment does not constitute a "final decision" appealable under 28 U.S.C. § 1291. The appellees must acknowledge, of course, that the judgment is final in the sense that it ends the federal litigation and leaves nothing for the district court to do. The appellees' argument, however, is that because this judgment remanded the remaining state claims to the state court without addressing their respective merits, it is not a final disposition of all claims in the case, and therefore not appealable under 28 U.S.C. § 1291. The appellees, however, are mistaken because our precedent treats "[a] district court's remand order [a]s final for appeal purposes." *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 240 (5th Cir. 2009) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715 (1996)).

We should point out that *Adair* was decided after our previous opinion in *Regan v. Starcraft Marine LLC*, in which we exercised appellate jurisdiction over a case similar to the one before us today. 524 F.3d 627, 633 (5th Cir. 2008). There, the district court dismissed a claim and remanded the remaining state law claims, exercising its discretion under § 1367(c). *Id.* Although *Regan* found appellate jurisdiction over the judgment, we pretermitted deciding the basis of appellate jurisdiction; we said jurisdiction existed under either the collateral order doctrine, *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (as explicated in *Quackenbush*, 517 U.S. at 714), or under an expanded interpretation of the finality rule indicated by *Quackenbush*. *Id.* In

5

*Adair*, however, we said, simply and unequivocally: "A district court's remand order is final for appeal purposes."[4]    587 F.3d at 240.   *Adair* relied upon *Quackenbush*, which recognized that a remand order does not end the litigation on the remanded claims and consequently "do[es] not meet the *traditional* definition of finality[,]" *Quackenbush*, 517 U.S. at 715 (emphasis added).   The Supreme Court nevertheless concluded that remand orders are "appealable" final judgments because as a practical matter, remands end federal litigation and leave the district court with nothing else to do.  *Id.*

All other circuits presented with this question have applied *Quackenbush* in this manner and are in unanimous agreement.  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 n. 7 (2006) (holding that the entry of a remand order had the force of a final order); *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006) (holding that a remand of state law claims, "after the federal claims are resolved[,]" makes disposition of matters preceding remand "final order[s]" because there is nothing left for the district court to resolve); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2004) (holding that a district court's dismissal of claims preceding its remand was a "final decision" under § 1291); *In re Stone Container Corp.*, 360 F.3d 1216, 1218–19 (10th Cir. 2004) (recognizing that the majority of circuits have held that remand orders are final under § 1291).  Thus, we are comfortable in holding that we have jurisdiction to review the Haases' appeal of the judgment granting Bank of America, N.A. and Deutsche Bank summary judgment on the Haases' RESPA claim, dismissing all state claims against Morgan Stanley and

---

[4] The brevity of this holding may be cause to pause a moment, except for the fact that this rule has been the uniform application of *Quackenbush* in other circuits.  It is most certainly an easily understood and simple rule to apply as opposed to going through the multiple interpretations of *City of Waco, Tex. v. U.S. Fid. & Guar. Co.*, 293 U.S. 140 (1934), *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), and their respective progeny.

No. 12-20806

Barrett Daffin, and denying the Hasses' motion to compel and motion for sanctions.

## III.

As we begin our review, we are mindful that "we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This principle, however, does not give the Haases a pass on compliance with Rule 28 relating to their appellate brief. *See* FED. R. APP. P. 28. Their "arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (internal quotation marks and citation omitted). We will attempt to address the issues where the Haases have "at least argued *some* error on the part of the district court." *Grant*, 59 F.3d at 524–25 (emphasis in original). Admittedly, this can be a cumbersome exercise if the arguments are ill-defined.

The Haases have raised multiple issues on appeal. First, they appeal the district court's partial summary judgment on the RESPA claim in favor of Bank of America, N.A. and Deutsche Bank. Second, they argue that the district court erred by dismissing their state-law claims against Morgan Stanley and Barrett Daffin. Third, the Haases argue that the magistrate judge abused her discretion by denying both their motion for sanctions under Rule 11 and their motion to compel document discovery. And finally, they contend that the district court infringed upon their Seventh Amendment right to a trial by jury by granting two of the defendants' motions to dismiss.

## IV.

We review actions on summary judgment de novo applying the same standard as the district court did. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). We first examine the Haases' argument that the trial court erred with respect to the Haases' RESPA claim. The RESPA claim

arose under various provisions of 12 U.S.C. § 2605, but regardless of which provision is at issue, "[p]rivate plaintiffs . . . have a three-year limitations period for suits alleging a violation of § 2605." *Snow v. First American Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). *See also* 12 U.S.C. § 2614. The record shows that the majority of the Haases' allegations of RESPA violations relate to years 2006, 2007, and 2008. Their claims accrued when the alleged violations occurred. *Snow*, 332 F.3d at 359. They failed to amend their complaint to add the corresponding RESPA claim until May 15, 2012, a period of four to five years after a claim would have accrued. As the magistrate judge pointed out, the one claim that is within the three-year statute of limitations period is Bank of America, N.A.'s alleged failure to notify the Haases that it was the new loan servicer in July 2011. The Haases, however, failed to controvert evidence that a letter was indeed sent to them notifying them of the change. Accordingly, we AFFIRM the district court's granting Bank of America, N.A.'s and Deutsche Banks's motion for summary judgment in part on the Haases' RESPA claim.

V.

Next, the Haases appeal the grant of both Morgan Stanley's and Barrett Daffin's Rule 12(b)(6) motions which dismissed the Haases' state-law claims asserted against them. We review a district court's grant of a motion to dismiss de novo. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). To survive a motion to dismiss the complaint must allege "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's claim must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In its motion to dismiss, Morgan Stanley contended that its only connection to the Hasses' home equity loan was that the loan is held in a trust

No. 12-20806

bearing its name, "created in connection with the securitization of a pool of loans including [the Haases' loan]." Furthermore, Morgan Stanley argues that the Haases' claims of breach of contract, unfair collection efforts, and deceptive trade practices all relate to the Haases' relationship with the various loan servicers, not the trust holding the loan. Based on the record before us, it is clear that the Haases have made no factual allegations that Morgan Stanley was involved in the alleged unlawful conduct in connection with the Haases' home equity loan, and the district court did not err in granting Morgan Stanley's motion to dismiss.

We also hold that the district court did not err in granting Barrett Daffin's motion to dismiss. The Haases allege that Barrett Daffin, acting as legal counsel for Deutsche Bank, committed fraud, constructive fraud and conspiracy by filing the assignment of the Haases' Note and Security Agreement. The basis of the Haases' claim is that their Note could not be assigned to a "certificate" because a "certificate" cannot be a mortgagee. The assignment's filing, an uncontroverted fact, clearly shows that the Note and Security Agreement were not assigned to a certificate, but assigned to an entity, Deutsche Bank, as Trustee for a trust holding securitized loans. Thus, the district court did not err in granting Barrett Daffin's motion to dismiss under Rule 12(b)(6). We AFFIRM the district court's granting of both Morgan Stanley's and Barrett Daffin's motions to dismiss.

## VI.

Finally, the Haases appeal the district court's denial of their motion for sanctions and denial of their motion to compel discovery. We review a court's granting or denial of a motion for sanctions under an abuse of discretion standard. *Jenkins v. Methodist Hosp. of Dallas, Inc.*, 478 F.3d 255, 263 (5th Cir. 2007). The Rule 11 motion for sanctions was based on the Haases' contention that Deutsche Bank somehow altered their Note and submitted this

No. 12-20806

altered Note to the district court. A later filing of the Note in court contained an endorsement placed upon it by New Century to mark the Note's assignment to Deutsche Bank. As the district court concluded, the copies of the Notes differed only in this respect. The Haases claimed that this alteration was unlawful, yet the Haases have presented no other evidence that the Note was otherwise changed in any other way. The district court did not abuse its discretion in denying the Haases' motion for sanctions.

Neither did the district court abuse its discretion in denying the Hasses' motion to compel discovery against the banking defendants. "Discovery rulings 'are committed to the sound discretion of the trial court' and will not be reversed on appeal unless 'arbitrary or clearly unreasonable.'" *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013) (quoting *Williamson v. USDA*, 815 F.2d 368, 373, 382 (5th Cir. 1987)). The Haases' motion was denied on the basis that the discovery requests were "overbroad and/or not relevant." Furthermore, the district court stated that the Haases had been provided with copies of the essential documents needed to support their claim. We agree, and AFFIRM the denial of the Haases' motion for sanctions and their motion to compel.[5]

## VII.

In sum, we AFFIRM the district court's order granting summary judgment for the bank defendants on the Haases' RESPA claim, the sole federal claim in this case. We also AFFIRM the district court's orders granting both Morgan Stanley's and Barrett Daffin's motions to dismiss the state law

---

[5] We can quickly dispose of the Haases' claim that the district court violated their Seventh Amendment right to a jury trial by granting two of the defendants' motions to dismiss. Dismissal of their claims pursuant to a valid 12(b)(6) motion does not violate their right to a jury trial under the Seventh Amendment. *See Sparkman v. Am. Bar Ass'n*, 281 F.3d 1278 (5th Cir. 2001) (citing *Davis v. United States Gov't*, 742 F.2d 171, 173 (5th Cir. 1984)).

No. 12-20806

claims against them, and AFFIRM the district court's orders denying both the Hasses' motion for sanctions and motion to compel discovery. We should call further attention to the fact that the remand was not appealed. Thus, the remaining claims asserted in this removed case remanded to the state court with no decision on the merits are not within the scope of the final judgment of the district court now before us. They thus remain where they are. All of the claims properly before us, as designated above, were correctly decided by the district court and therefore its judgment is

AFFIRMED.