Mary Frances HOPSON; Bobby Wayne Hopson, Plaintiffs–Appellants

v.

CHASE HOME FINANCE, L.L.C.; JP Morgan Chase Bank, N.A.; Deutsche Bank National Trust Company; Chase Bank USA, N.A.; Chase Home Lending; Chase Manhattan Mortgage Corporation–CA; Chase Homeownership Preservation; Chase Fulfillment Center; Prommis Solution, L.L.C., on Behalf of Nationwide Trustee Services, Incorporated; The Bank of New York; JP Morgan Mortgage Acquisition Corporation; JP Morgan Securities, L.L.C., formerly known as JP Morgan Securities, Incorporated; JP Morgan Acceptance Corporation I; David M. Duzyk; Louis Schioppo, Jr.; Christine E. Cole; Edwin F. McMichael; William A. King; Brian Bernard; James Dimon; Michael J. Cavanagh; Mary Erodes; James Staley, Defendants–Appellees.

No. 14–60316
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 13, 2015.

Mary Frances Hopson, Florence, MS, pro se.

Bobby Wayne Hopson, Florence, MS, pro se.

Mark Herndon Tyson, Stephen Thomas Masley, McGlinchey Stafford, P.L.L.C., Jackson, MS, for Defendants–Appellees.

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM: *

Plaintiffs–Appellants Mary Frances Hopson and Bobby Wayne Hopson appeal the dismissal of their pro se civil complaint in which they raised various claims under state and federal law based upon alleged misrepresentations and nondisclosures made in connection with a mortgage loan. The district court granted the defendants' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b) on the basis that the plaintiffs lacked standing to raise specific claims and failed to state a

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim upon which relief can be granted. We review de novo the decision to dismiss for failure to state a claim. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007).

The plaintiffs maintain that the district court incorrectly evaluated their claims and did not consider their supporting evidence. However, review under Rule 12(b)(6) is limited to the factual allegations in the complaint and does not involve an evaluation of the merits of supporting evidence. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780, 782 (5th Cir.2007). The plaintiffs' claim seems to be based on an inapposite standard that applies to motions for judgment as a matter of law under Federal Rule of Civil Procedure 50. Furthermore, to the extent that the plaintiffs contend that the dismissal of their complaint violated due process because they were denied a jury trial, their claim is unavailing. *See Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n. 5 (5th Cir.), *cert. denied*, —— U.S. ——, 135 S.Ct. 754, 190 L.Ed.2d 631 (2014).

The plaintiffs assert claims under the Truth in Lending Act (TILA), and Regulation Z promulgated thereunder, the Home Ownership and Equity Protection Act (HOEPA), and the Real Estate Settlement Procedures Act (RESPA). They also present conclusory claims under the Securities Act of 1933, and the Racketeer Influenced and Corrupt Organizations Act (RICO). However, the plaintiffs have failed to address the district court's reasoning for dismissing these claims. The plaintiffs specifically do not address the district court's conclusions that (1) their purported qualified written request (QWR) was not a QWR under RESPA and, in any event, they did not allege actual damages due to a RESPA violation; (2) their claim that the defendants failed to respond to their tender of payment was not alleged in the amended complaint and lacked merit; (3) their claims under TILA, Regulation Z, and HOEPA were time barred; (4) they did not qualify as investors or purchasers of securities and, thus, lacked standing to allege violations of the Securities Act; and (5) their claims under RICO were inadequately pled because, inter alia, they failed to plead a concrete financial loss as a result of an alleged RICO violation. Because the plaintiffs failed to brief any argument regarding the bases on which their claims were dismissed, they have abandoned the claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987). Likewise, to the extent that they have not realleged violations of other federal and state laws that they asserted in the district court, they have waived those claims. *See id.*

For the first time on appeal, the plaintiffs allege new violations of RESPA, TILA, Regulation Z, and HOEPA. They also assert for the first time claims for mail fraud under 18 U.S.C. § 1341, and violations of Mississippi state securities laws. We need not consider newly raised claims. *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010).

Finally, the plaintiffs argue that the district court erred by not requiring the defendants to cooperate in discovery and denying a request for injunctive relief. There is no indication that discovery would have helped the plaintiffs because review of a motion to dismiss under Rule 12(b)(6) focuses solely on the adequacy of the complaint; the plaintiffs do not explain how discovery would have affected the conclusion that their complaint failed to state a claim. *See Ferrer*, 484 F.3d at 782. The plaintiffs' challenge to the denial of injunctive relief is also unavailing because they have not shown that the district court erred in dismissing their complaint for fail-

ure to state a claim; therefore, their challenge to the denial of injunctive relief likewise fails. *See VRC LLC v. City of Dallas,* 460 F.3d 607, 611 (5th Cir.2006); *Hoover v. Morales,* 164 F.3d 221, 224 (5th Cir.1998).

Accordingly, the judgment of the district court is AFFIRMED.