# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10538
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2017

Lyle W. Cayce
Clerk

MARION TAITE, JR.,

      Plaintiff - Appellant

v.

CITY OF FORT WORTH TEXAS,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-458

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Marion Taite, Jr. brought this action pursuant to 42 U.S.C. § 1983 against the City of Fort Worth, Texas, asserting municipal liability in relation to an allegedly unlawful search of his vehicle by officers of the Fort Worth Police Department. Taite appeals *pro se* the district court's grant of summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10538

judgment in favor of the City of Fort Worth and the denial of his motion to compel discovery from the City.  For the reasons that follow, we affirm.

I.    *Background*

On July 6, 2010, Taite was arrested at his place of employment by Officers David J. Scott, Thomas McLaughlin, and Gerald Gray of the Fort Worth Police Department.  According to Taite, the officers announced that they had a warrant for his arrest, but did not inform him of the reason for his arrest.  Taite realized later that the arrest was in connection to his son, whom he had removed from his estranged wife approximately twenty days earlier.  After he was taken to jail, Taite alleges that one of the officers stayed behind and searched his unlocked car without a warrant.

Taite filed his original complaint against the City of Fort Worth on July 6, 2012, alleging that his civil rights were violated by the warrantless search of his vehicle.  In successive amendments to the complaint, Taite added several officers of the Fort Worth Police Department, including Scott, McLaughlin, and Gray.  All of the individual defendants were dismissed from the case on various grounds.  In pertinent part, the district court dismissed Officers Scott, McLaughlin, and Gray on October 28, 2014, concluding that Taite had failed to state a claim against the officers because he pleaded no facts showing that they searched his vehicle at all, let alone without a warrant.

II.    *The City's Motion for Summary Judgment*

In September 2015, the City filed a motion for summary judgment, arguing that Taite had produced no evidence of a constitutional violation or that the City had a policy, practice or custom that caused the deprivation of his constitutional rights.  On March 30, 2016, the district court granted the City's motion, holding that Taite had neither pled nor established an underlying constitutional violation, barring recovery on his municipal liability claims against the City.

2

No. 16-10538

We review the grant of summary judgment *de novo* applying the same standard as the district court did. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014). Although a municipality can be liable under § 1983 when the allegedly unconstitutional action results from a policy or practice that is responsible for the individual's injury, *see Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690 (1978), it is well established that there must be an underlying constitutional violation for there to be a claim under *Monell*. *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 483 (5th Cir. 2014).

Taite claims that his car was illegally searched by police officers, but he neither pled nor produced any evidence of the search, let alone that it was illegal. Therefore, the district court properly granted summary judgment in favor of the City based on Taite's failure to plead or prove an underlying constitutional violation.

III.   *Taite's Motion to Compel Discovery*

Shortly after filing his original complaint in 2012, Taite sought discovery from the City. The City responded that his request was untimely because discovery had not yet begun, but that it would respond once the district court issued a scheduling order pursuant to Fed. R. Civ. P. 26. On August 5, 2014, the court issued such a scheduling order, establishing discovery deadlines for Taite and the City. In September 2015, after discovery had ended, Taite filed a motion for default judgment or, in the alternative, an order compelling discovery materials because the City had not yet responded to his discovery requests. The City admitted that it had mistakenly failed to respond to Taite's 2012 discovery requests due to an unintentional oversight, but it agreed to produce the requested materials and did not object to an extension of the discovery deadline to do so. The district court denied Taite's motion, but extended the discovery deadline in light of the City's representation that it

3

would respond to Taite's discovery requests.  The City responded on December 3, 2015.  Taite sought additional discovery from the City and both parties requested discovery extensions, which the court granted.

On February 5, 2016, however, Taite filed a second motion for default judgment or, in the alternative, an order compelling discovery, contending that the City's discovery responses were deficient.  The City replied that it had properly responded to discovery requests sent to it, to the extent they were not objectionable.  Furthermore, although Taite had attempted to serve the City with requests for interrogatories from McLaughlin, Scott, and Gray, the City argued that it was under no legal obligation to respond on their behalf as they were represented by individual counsel and, in any event, they were no longer defendants in the lawsuit.  On March 29, 2016, the court denied Taite's motion, concluding that the City's responses complied with the requirements of the Federal Rules of Civil Procedure and that it had no obligation to respond to Taite's requests for interrogatories from McLaughlin, Scott, and Gray because, apart from issues of service, they were no longer defendants in the lawsuit. This order is the subject of Taite's appeal.

"Discovery rulings are committed to the sound discretion of the trial court and will not be reversed on appeal unless arbitrary or clearly unreasonable." *Outley v. Luke & Associates, Inc.*, 840 F.3d 212, 220 (5th Cir. 2016) (quoting *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013)) (internal quotations omitted).  The court did not abuse its discretion in denying Taite's second motion to compel.  A review of the City's responses, which it attached to its opposition to Taite's motion, demonstrates that it produced the information Taite had requested to the extent that information was available and was not subject to a proper objection.  Taite's chief complaint is with the City's failure to respond to his requests for interrogatories from Officers McLaughlin, Scott, and Gray; however, as the court explained, apart from the

No. 16-10538

issue of service, those individuals were no longer defendants in the lawsuit and no response was required.

Accordingly, we AFFIRM.