# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10127

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2019

Lyle W. Cayce
Clerk

MICHAEL ALLEN BAKER,

> Plaintiff - Appellant

v.

TDCJ-CID; MAJOR DESSIE L. WARE; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CV-202

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Michael Allen Baker, Texas prisoner # 01654093, appeals the summary judgment dismissal of his claims against Major Dessie Ware, a former correctional officer at Price Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID); the TDCJ-CID; and Lorie Davis, the director of the TDCJ-CID. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10127

I.

On March 17, 2015, Baker, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of his constitutional rights during his incarceration at the Price Daniel Unit of the Texas Department of Criminal Justice.[1] Baker asserts that prison officials failed to honor his "slow eating" pass, which was issued by the medical department due to his prior gastric bypass surgery, denying him additional time to eat and causing him physical harm and discomfort. Because of his surgery, Baker claims he needs more than the 20 minutes provided to eat in order to avoid significant pain, spontaneous regurgitating, vomiting, and dumping syndrome. Further, Baker alleges that the defendants intentionally discriminated against him by refusing to accommodate his disability—his inability to eat at the same rate as other inmates.

In his complaint, Baker asserted a claim against TDCJ-CID and Director Lorie Davis for allegedly discriminating against him because of his disability in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Additionally, Baker sued Major Ware in her individual capacity claiming that she was deliberately indifferent to his serious medical need in violation of the Eighth and Fourteenth Amendments based on her alleged role in implementing and enforcing an unwritten unit-wide policy against slow eating passes.

The defendants moved for summary judgment on Baker's claims. They relied primarily on Ware's affidavit in which she denies knowledge of Baker's slow eating pass or gastric bypass surgery prior to their interaction on August

---

[1] Baker amended his complaint on January 11, 2016 to add allegations regarding his treatment at the Alfred Hughes Unit. The claims pertaining to the Hughes Unit were severed and transferred to the Western District of Texas. Baker also filed an appeal challenging the summary dismissal in that case. *See Baker v. Armstrong*, No. 18-50334 (5th Cir. filed Apr. 25, 2018).

2

No. 18-10127

19, 2014. Ware also claimed that she never instructed officers to disregard Baker's slow eating pass or instituted a policy against honoring slow eating passes. Based on Ware's averments, the defendants argued that Baker failed to establish that Ware was deliberately indifferent to his medical care and could not overcome Ware's qualified immunity defense; they also argued that Baker failed to establish a prima facie case of discrimination under the ADA and RA.

Baker opposed the defendants' motion for summary judgment. He also moved for additional discovery, which the district court denied.

Concluding that Baker failed to demonstrate a genuine issue of material fact for trial, the district court granted the defendants' motion for summary judgment and dismissed Baker's claims. Baker timely appealed. We made a limited remand to the district court to provide a statement of reasons for its grant of summary judgment.

On appeal Baker contends that the district court erred in granting the defendants' motion for summary judgment on his deliberate indifference, ADA, and RA claims. He argues that the district court resolved genuine issues of material fact on whether Ware interfered with his slow eating pass or had a policy against slow eating passes, whether he is disabled by the limitations on his ability to eat, and whether he has been denied the benefits of eating because of his disability. Additionally, Baker contends that the district court abused its discretion in denying him additional discovery.

## II.

We review a summary judgment de novo. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When deciding whether a

No. 18-10127

fact issue exists, we review the evidence and the inferences drawn from it in the light most favorable to the nonmoving party." *Hernandez*, 522 F.3d at 560.

Discovery rulings are reviewed for abuse of discretion. *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018). We will not reverse a discovery ruling on appeal unless it is "arbitrary or clearly unreasonable." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014) (quoting *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013)).

## III.

In accordance with our limited remand, the district court explained its ruling in a thorough, well-reasoned opinion entered October 9, 2019. After carefully reviewing the briefs, the applicable law, and the record on appeal, we AFFIRM the summary judgment essentially for the reasons advanced by the district court.

Assuming without deciding that Baker has a qualifying disability, we agree that Baker's ADA and RA claims fail because no reasonable jury could find that TDCJ failed to reasonably accommodate Baker's alleged disability. *See Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015). The record indicates that Baker was offered a modified diet and was provided evening snacks "to accommodate his history of gastric bypass." Baker received numerous medical screenings and he was ordered to be weighed monthly to assess weight loss. Further, TDCJ offered Baker a mechanically soft diet to accommodate his eating restrictions, but Baker declined. Baker admits that soft food does not cause him discomfort, and, in fact, requested the slow eating pass so he can chew his food to a "consistency that permits it to pass easily through [and] into the stomach." "The ADA provides a right to reasonable accommodation, not to the [inmate's] preferred accommodation." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011) (quoting *EEOC v. Agro Distribution, LLC*,

No. 18-10127

555 F.3d 462, 471 (5th Cir. 2009)). Accordingly, summary judgment for Lorie Davis and TDCJ was proper.

Turning to Baker's deliberate indifference claim—undeniably "an extremely high standard to meet," *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)—the district court properly reasoned, *inter alia*, that Baker's summary judgment evidence fails to show that Ware was subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and that she actually drew such an inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Cleveland v. Bell*, 938 F.3d 672, 676–77 (5th Cir. 2019) (holding that the plaintiff failed to show a constitutional violation of deliberate indifference given the lack of evidence about the defendant's subjective awareness of a substantial risk of serious harm). Moreover, Baker failed to overcome Ware's qualified immunity defense because he did not show that Ware violated a constitutional right *or* that the right was clearly established at the time of the challenged conduct. *See Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).

Finally, we reject Baker's argument on appeal that the district court abused its discretion in denying him full discovery. *See D'Onofrio*, 888 F.3d at 208; *Haase*, 748 F.3d at 631. Baker contends that because discovery was confined to a six-month period, he was deprived of clinical notes explaining why the slow eating passes were issued. However, in response, the defendants represented to the district court that they disclosed all of Baker's medical records from 2010 to 2016, which encompassed the entirety of Baker's confinement at the Daniel Unit, and offered an affidavit from the custodian of records in support of this representation. Additionally, the defendants produced relevant grievance records, disciplinary and classification records, and patient liaison records. The district court credited their representation and thereby implicitly concluded that the defendants complied with the court's

5

No. 18-10127

discovery order and disclosed the requested evidence. Baker fails to show any abuse of discretion. *D'Onofrio*, 888 F.3d at 208; *Haase*, 748 F.3d at 631.

## IV.

For the reasons stated, the judgment of the district court is AFFIRMED.