**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2306
_____

HUGH B. MCCLUSKEY,
Appellant

v.

WASTE MANAGEMENT, INC.;
WASTE MANAGEMENT OF NEW JERSEY, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-19-cv-01427)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 20, 2019

Before: CHAGARES, MATEY, and FUENTES *Circuit Judges*.

(Filed: December 16, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Hugh McCluskey appeals the District Court's dismissal of his action based on the doctrine of issue preclusion. Finding no error, we will affirm.

## I. BACKGROUND

McCluskey and his long-time business associates, Michael and Alfred Luciano, entered into a series of agreements with Morris County Transfer Station, Inc. ("MCTS") providing royalty payments. Waste Management, Inc. and Waste Management of New Jersey, Inc. (together, "Waste Management") became the legal successor to MCTS and in 2013, stopped making those payments. So the Lucianos sued Waste Management in New Jersey state court for breach of contract. The New Jersey Superior Court twice rejected their claim.

And, importantly, McCluskey participated in both state proceedings. For example, when Waste Management filed a third-party complaint against McCluskey, he counterclaimed for breach of contract. Then, after McCluskey and Waste Management's claims against each other were dismissed by consent, McCluskey joined the Lucianos' appeal. He submitted a brief to the court identifying himself as "Third Party Defendant – Respondent"[2] (Suppl. App. at 091), and the record shows he offered oral argument on his own behalf. Not surprisingly, the Appellate Division's decision reflects McCluskey's role

---

[2] In his briefing, McCluskey claims to have participated in the appeal as amicus curiae. But that is not how he signed his appellate brief, and the Appellate Division labeled him as "respondent" in the caption of its opinion. (Suppl. App. at 093.)

2

in the lawsuit, holding the trial court "correctly determined that the Lucianos' and McCluskey's right to royalties" had been terminated. (Suppl. App. at 110.)

McCluskey then sued in federal court for the same claim—that Waste Management breached its obligation to him when it ceased making royalty payments. Waste Management moved to dismiss, and the District Court granted the motion with prejudice. The District Court held that McCluskey's claims were barred under the doctrine of issue preclusion because "the issue [McCluskey] raises in this suit – whether [he] is owed royalties . . . is identical to that litigated in state court" and because "[t]hose tribunals issued final judgments on the merits of the issue, which was essential to those judgments." (App. at 10.) Thus, "the question of whether Waste Management owes [McCluskey] royalties . . . has already been resolved [in state court] and may not be relitigated here[.]" (App. at 10.) McCluskey appealed that judgment to this Court. We agree with the District Court's conclusion and will affirm.[3]

## II. MCCLUSKEY'S CLAIMS ARE PRECLUDED

Congress has long required that federal courts give preclusive effect to state court adjudications. *See* 28 U.S.C. § 1738; *see also Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) ("When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment[.]"). When so doing, courts must "apply the same preclusion rules as would the

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1332. As the District Court dismissed McCluskey's claim with prejudice, we have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 486 (3d Cir. 2017).

3

courts of that state." *Edmundson*, 4 F.3d at 189 (citing *Allen v. McCurry*, 449 U.S. 90, 95–105 (1980)). On that basis, we apply the principles of issue preclusion as established under New Jersey law.

Under a five-factor test, New Jersey precludes reconsideration of an issue when (1) the issue is identical; (2) the issue was actually litigated in a prior proceeding; (3) the prior court issued a final judgment on the merits; (4) determination of the issue was essential to the prior judgment; and (5) the party opposing preclusion was either a party to, or in privity with a party to, the earlier proceeding. *See Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002) (citing *In re Estate of Dawson*, 641 A.2d 1026, 1034–35 (N.J. 1994)). McCluskey's federal action satisfies each.

His demand for royalty payments from Waste Management is the same as the suit brought by the Lucianos. And that issue was twice argued and was twice adjudicated: initially by the trial court's dismissal, and later on appeal. *See A.T. v. Cohen*, 175 A.3d 932, 940 (N.J. 2017) (noting that in New Jersey a dismissal with prejudice is a judgment on the merits). What is more, the decisions were essential to the outcome; indeed, they rejected the very basis of the claim. Finally, McCluskey was a party to the prior action, or in privity with a party. McCluskey argues that because he consented to dismissal of his state counterclaim, he has yet to have a "full and fair opportunity to litigate" his claims. (Opening Br. at 14.) Not so.

First, McCluskey participated in the state action before his voluntary dismissal. And after dismissal, he joined in the appellate proceedings by submitting briefing and offering argument as a "Third Party Defendant – Respondent." Second, even if McCluskey was not

4

a party, he was in privity with the Lucianos. In New Jersey, a relationship is "close enough" to satisfy privity "when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation." *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 176 (3d Cir. 1994). Thus, "one person is in privity with another and is bound by and entitled to the benefits of a judgment as though he was a party when there is such an identification of interest between the two as to represent the same legal right." *Zirger v. Gen. Accident Ins. Co.*, 676 A.2d 1065, 1071 (N.J. 1996) (citation omitted). That is the case here. Had the Lucianos prevailed in state court, as a signatory and beneficiary of that same 1990 agreement, McCluskey would have benefited from the judgment. Either way, the doctrine of issue preclusion bars McCluskey from his present action in federal court.

### III. CONCLUSION

For the above reasons, we will affirm the judgment of the District Court.[4]

---

[4] McCluskey raises several other issues which do not state a claim for relief. He argues that the District Court erred in dismissing his suit because he is entitled to a jury trial under the Seventh Amendment to the Constitution of the United States. But that is not correct. *See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979); *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014). He also argues—without explanation—that the dismissal violated his due process rights. The District Court properly acted within the rules of civil procedure when it dismissed the complaint with prejudice based on Waste Management's motion under Federal Rule of Civil Procedure 12(b)(6). Lastly, McCluskey argues that this Court should vacate the District Court's dismissal under the dual-sovereignty doctrine. But that doctrine applies to criminal, not civil matters. *See Gamble v. United States*, 139 S. Ct. 1960, 1965–66 (2019).