## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2020

Lyle W. Cayce
Clerk

No. 18-60192
Summary Calendar

HENRY HINTON, JR.,

Plaintiff - Appellant

v.

NURSE JANET MOORE,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:16-CV-33

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Henry Hinton, Jr., challenges the district court's dismissing his civil-rights action, filed pursuant to 42 U.S.C. § 1983. In his action, he asserted, *inter alia*, that Nurse Janet Moore acted with deliberate indifference to his serious medical needs while he was in pretrial custody in a county detention center.

Hinton fails to raise in this appeal, and has therefore abandoned, any challenge to the district court's dismissing: his deliberate-indifference and

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

medical-malpractice claims against Nurse Snow; and his deliberate-indifference claim against Nurse Moore. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Nevertheless, the following issues require review. He claims a magistrate judge: erroneously conducted a trial and deprived him of his constitutional right to a jury trial; and reversibly erred in discovery rulings regarding his sick-call requests.

There is no merit to Hinton's contention that the magistrate judge improperly tried the case and deprived him of his constitutional right to a jury trial. The district court was authorized to refer Hinton's complaint to a magistrate judge for a hearing and the submission of proposed factual findings and recommendations regarding the complaint's disposition. *See* 28 U.S.C. § 636(b)(1)(B). Moreover, Hinton waived his right to a jury trial by failing to file a jury-trial demand within 14 days of the last pertinent pleading. *See* Fed. R. Civ. P. 38(b), (d).

On the other hand, a court has discretion to grant a subsequent motion seeking a previously waived jury-trial, pursuant to Fed. R. Civ. P. 39(b), and generally should do so "in the absence of strong and compelling reasons to the contrary". *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citation omitted). In determining whether to grant the motion, the court should consider:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the . . . tardiness in requesting a jury trial.

*Id.* (citations omitted). Our court reviews the denial of a motion for a jury trial, despite a previous waiver, for abuse of discretion. *See id.* at 1066.

In this instance, the magistrate judge did not abuse his discretion in denying Hinton's untimely jury-trial demand. As the magistrate judge noted

No. 18-60192

in his order denying Hinton's motion:  it was filed approximately 20 months late and only a week before the scheduled trial date; the schedules of both the court and defendant would have been disrupted; and defendant would have been prejudiced.

There is likewise no merit to Hinton's challenge to the magistrate judge's discovery rulings regarding Hinton's demand for the production of his sick-call requests.  A court's discovery rulings are reviewed for abuse of discretion and "will not be reversed on appeal unless arbitrary or clearly unreasonable". *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014) (internal quotation marks and citation omitted).  Moreover, an error in a discovery ruling is not a ground for disturbing a judgment or order if it does not affect a party's substantial rights.  Fed. R. Civ. P. 61; *see also Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (applying harmless-error analysis to discovery error).  And, "[t]he party asserting the error has the burden of proving that the error was prejudicial". *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (citation omitted).

In this instance, even assuming *arguendo* that the magistrate judge or the district court abused its discretion in administering discovery, Hinton has failed to demonstrate that his substantial rights were affected.  The court, even without the sick-call requests, made determinations about Hinton's conditions and the constitutional adequacy of his medical treatment, and Hinton has not shown how the production and admission of the sick-call requests would have impacted, if at all, these determinations.

AFFIRMED.