# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2021

Lyle W. Cayce
Clerk

No. 21-10589
Summary Calendar

Marcus A. Murphy,

*Plaintiff—Appellant*,

*versus*

Amanda Cameron Dalton, also known as Mandy Moore;
Blattner-Energy,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CV-190

Before Costa, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

This suit arises from a dispute between plaintiff Murphy and defendant Moore outside Murphy's home. In connection with the incident, Murphy brought several state law claims against Moore. He brought the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10589

same claims against Moore's employer, Blattner-Energy.  Defendants filed motions to dismiss and motions for Rule 11 sanctions, all of which the district court granted.  Because we find no error in the district court's dismissal or its grant of sanctions, we AFFIRM.

I.

Murphy is upset because Moore allegedly drove a truck onto Murphy's driveway one night.  The truck was not Moore's, but instead a Blatter-Energy truck that Moore drives for work.  At some point that night, a verbal altercation broke out between the two.  Murphy alleges that Moore threatened him during the argument.  Murphy, however, is the one who was later charged with multiple counts of disorderly conduct.

Murphy sued Moore for trespass and intentional infliction of emotional distress.  He also brought claims for malicious prosecution based on the disorderly conduct charges that followed the incident.  Murphy also pursued these claims against Blattner-Energy under a theory of vicarious liability.

Moore and Blattner-Energy filed motions to dismiss for failure to state a claim.  The district court granted the motions for all claims.  Defendants also filed motions for Rule 11 sanctions.  The district court granted these motions too, explaining that Murphy's arguments were not warranted by existing law, would not have evidentiary support upon further investigation, and were brought to harass Moore.  The court also admonished Murphy, who is a licensed lawyer in Colorado, for filing responses that were "incomprehensible" and lacking any "coherent argument."

We understand the district court's frustration.  The plaintiff's briefing in this case also borders on incoherence.  Among other things, Murphy's frequent and incorrect use of hyphens and capitalization makes it

difficult to read.  But to the extent we can understand his challenges to the district court's rulings, we find no merit to his appeal.

## II.

The district court dismissed Murphy's trespass claim because he did not allege facts to support the elements of that cause of action. That holding is correct if for no other reason than that Murphy did not plead that he was injured, which is required to recover damages for trespass under Texas law. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 920 (Tex. 2013) (citing *Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981)); *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied).

The district court dismissed the malicious prosecution claims because they relied on similarly conclusory allegations.  The court also held that one malicious prosecution claim is time-barred and the others are not ripe.  We agree with these holdings.  In particular, we see no facts alleged that would support a finding that there was a lack of probable cause to initiate the criminal proceedings against Murphy or that defendants exhibited malice in filing the charges (if they indeed did initiate the charges).  *See Kroger Tex. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006).

The district court dismissed Murphy's final claim—intentional infliction of emotional distress (IIED)—for similar reasons.  It found the pleadings conclusory and concluded his sole factual allegation did not support an IIED claim.  Again, we agree.  Murphy alleges that Moore threatened him, but a threat does not satisfy the "extreme and outrageous" standard required for an IIED claim.  *GTW Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611–12 (Tex. 1999).

The district court supported its dismissal of Murphy's claims against Blattner-Energy on an additional ground—that Murphy alleged no plausible

basis for vicarious liability.  The complaint makes this clear.  Moore may have been in her work truck and wearing work clothes, but she was "off-duty." And there is no other allegation sufficient to show that she was acting in the scope of her duties as a Blattner-Energy employee despite not being on the clock.  *See Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002).  Rather, Moore was at the house next to Murphy's to visit her mother.

## III.

We review a district court's grant of Rule 11 sanctions for an abuse of discretion.  *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014).  A court may impose sanctions if it finds that claims are being "presented for any improper purpose" or if claims are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law."  FED. R. CIV. P. 11(b)(1)–(2), (c)(1).

Although Murphy argues that this standard for sanctions should not apply to him because he is proceeding *pro se*, the district court correctly rejected this argument.  Murphy is a licensed and practicing attorney in Colorado.  While a higher threshold for sanctions generally applies to *pro se* plaintiffs, the leniency given *pro se* litigants does not apply when the self-represented party is a lawyer.  *See Thomas v. Humfield*, 1994 WL 442484, at *3 (5th Cir. 1994)[1] ("With his formal legal training, Thomas should be expected to understand and to observe court procedures that we might otherwise be willing to excuse if neglected by typical pro se claimants."); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (declining to give a *pro se* litigant the "liberal construction of his complaint normally given [to] pro se litigants" because he was a licensed attorney);; *see also Cole v. Comm'r*,

---

[1] "Unpublished opinions issued before January 1, 1996 are precedent."  5TH CIR. R. 47.5.3.

No. 21-10589

637 F.3d 767, 773 (7th Cir. 2011) ("[P]ro se litigants who are attorneys are not entitled to the flexible treatment granted other pro se litigants."); *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no [special] solicitude at all."). The district court thus applied the correct standard in imposing sanctions.

And the court thoroughly detailed why it imposed sanctions. First, it explained that Murphy's intentional infliction of emotional distress and vicarious liability claims were not warranted by existing law or by a good faith argument for changing the law. For intentional infliction of emotional distress, Murphy cited the correct standard—that threats do not rise to the level of extreme and outrageous conduct—but then alleged that Moore's threat to him was extreme and outrageous. And for vicarious liability, Murphy admitted that Moore was off duty during the incident and never claimed that she was acting in the scope of her employment. This was also not the first time that Murphy "dragged a neighbor's employer" into the same district court under a similarly "baseless" theory of vicarious liability.

Moreover, the court found that Murphy brought these claims for an improper purpose: "to harass Defendants in retaliation for criminal charges being brought against him." In support of this motive, the court noted that Murphy's briefing was full of "*ad hominem* attacks" against Moore, including an accusation "without a shred of evidence" that Moore "utilize[ed] fake names to escape liability with courts in Texas." The court also referred to several other statements Murphy made in an antagonistic manner against Moore and her counsel, such as asserting that Moore "attempted [an] assassination, both literally & figuratively," and that Moore's counsel "manipulate[d] the naive government, first State and now federal."

We find no abuse of discretion on these facts.

\* \* \*

5

No. 21-10589

We AFFIRM the district court's judgment.  Given this ruling, we DENY Murphy's motion to stay sanctions pending appeal.