# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2026

Lyle W. Cayce
Clerk

No. 25-20097

Alejandro Quintas,

*Plaintiff—Appellant*,

*versus*

Granite Construction, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-662

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Alejandro Quintas and his former employer, Granite Construction, Inc., arbitrated an employment discrimination dispute. The arbitrator found for Granite. Unsatisfied, Quintas moved to vacate the arbitration award, and the district court denied his motion. Quintas appeals pro se. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20097

Quintas makes three categories of arguments on appeal. First, Quintas claims the arbitrator "exhibited evident partiality [and] engaged in procedural misconduct." Second, Quintas alleges the district court wrongly confirmed the award; in his view, Granite breached the arbitration agreement, the arbitrator exceeded her authority by ruling there was no breach, and that "nullified" the award. And third, Quintas contends the district court erred by refusing to hold a hearing on his motion to vacate the award.

## I.

We address procedural misconduct first and hold these arguments are waived. In summary fashion, Quintas claims the arbitrator ignored evidence; misquoted Quintas; stopped Quintas from cross-examining Granite's witnesses about conversations with their lawyers; and "selectively applied procedural rules in Granite's favor."

Quintas elaborates no further. And he does not explain how record evidence supports these claims—not in his original appeal brief, and not in his recent motion to file supplemental briefing. *See* ECF 31. To enable proper review, Federal Rule of Appellate Procedure 28(a) requires briefs to set forth "appellant's contentions <u>and the reasons for them</u>, with citations to the . . . parts of the record on which the appellant relies[.]" Fed. R. App. P. 28(a)(8)(A) (emphasis added).

"[W]e are mindful that we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than parties represented by counsel." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (internal quotation marks and citation omitted). But Quintas doesn't explain what evidence the arbitrator allegedly ignored; how the arbitrator supposedly misrepresented what he said; how the arbitrator improperly regulated cross-examination; what procedural rules she

2

No. 25-20097

"selectively applied;" how these errors affected the award; or where the district court erred in assessing these potential problems before confirming the award. Even when a party proceeds pro se, "arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)). Quintas's procedural misconduct arguments were not.[1]

## II.

Next, we turn to the arbitration agreement. The agreement explained that throughout arbitration, Granite "has access to legal advice through its Legal Department and outside lawyers." It stated that Quintas could "consult with a lawyer or any other advisor of [his] choice," and that "Granite [would] pay the major part of [his] legal fees" if he did so. But Quintas disputes one clause in particular, which said:

> You are not required, however, to hire a lawyer to participate in arbitration. If you choose not to bring a lawyer to arbitration, the Company will also participate without a lawyer.

Neither Quintas nor Granite brought lawyers to the arbitration hearing. But Granite's lawyers prepared company witnesses <u>before</u> the hearing. So Quintas argues Granite didn't "participate without a lawyer," as the agreement required, because lawyers helped Granite prepare.

The arbitrator disagreed. She noted Granite "did not have any attorneys present at the hearing of this matter"—as per the agreement—and

---

[1] Although his brief states in a footnote that "citations to the Record on Appeal . . . will be provided upon formal transmission or designation of the record," we note that Quintas filed his original brief on July 7, 2025—many weeks after this court made the record available in May 2025.

ruled that "the decision on the part of [Granite] to avail itself of the resources it specifically reserved" for preparation "is not a breach."

Quintas renewed this argument in his motion to vacate before the district court. But the district court also rejected his position, following case law mandating deference to the arbitrator's interpretation of the arbitration agreement. *See Quezada v. Bechtel OG & C Constr. Servs. Inc.*, 946 F.3d 837, 844 (5th Cir. 2020) ("Where the arbitrator is even arguably construing or applying the contract or acting within the scope of [her] authority[, even] the fact that a court is convinced [she] committed serious error does not suffice to overturn that decision." (internal quotation marks and citations omitted)).

The district court was correct. "Even if a court is convinced that the arbitrator committed serious error, that does not suffice to overturn [her] decision." *Nat'l Gypsum Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 147 F.3d 399, 402 (5th Cir. 1998) (cleaned up). "Reversal is not proper [even] when 'the arbitrator misreads the contract, where there is room to do so[.]'" *Id.* (quoting *United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 38 (1987)).

Granite complied with the plain terms of the arbitration agreement. The agreement explicitly reserved Granite's right to consult counsel. The only restriction was that if Quintas "ch[ose] not to bring a lawyer to arbitration," Granite couldn't either. And so it went: Quintas didn't "bring a lawyer to arbitration," so Granite didn't bring lawyers either. The arbitrator therefore found no breach of the agreement, which we are convinced she read correctly. The district court properly deferred to the arbitrator's conclusion.

## III.

Last, Quintas contends the district court's "refusal to hold a hearing deprived [him] of procedural fairness under the FAA." This argument is likely also waived, afflicted by the same insufficient briefing as the earlier

procedural misconduct arguments. But even if not waived, Quintas's position lacks merit. Motions to confirm an arbitration award are "made and heard in the manner provided by law for the making and hearing of motions" in other contexts. 9 U.S.C. § 6. "We review the district court's denial of an evidentiary hearing for abuse of discretion." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 80 (5th Cir. 2011). The district court explained—and we echo:

> The Court finds no evidence in the record to suggest that the Arbitrator acted in a manner that would contribute to a procedural unfairness, and note her well-detailed award in which she specifically considers both parties['] evidence and provides a detailed analysis supporting her decision . . . Even construing the filings liberally, the Court finds that Quintas offers no plausible factual or legal basis for his assertion that the arbitration award should be vacated by this Court.

We are satisfied that given these findings, the district court did not abuse its discretion in holding no hearing.

## IV.

We AFFIRM. The pending motion to file supplemental briefing is DENIED as moot.