**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2144
_____

PHILIP E. HAHN,
                              Appellant

v.

THE STATE OF NEW JERSEY; THE UNITED STATES;
THE SUPREME COURT OF THE UNITED STATES;
THE GOVERNOR OF NEW JERSEY; THE NEW JERSEY SENATE;
THE CONGRESS OF NEW JERSEY; THE SUPREME COURT OF NEW JERSEY;
THE BERGEN COUNTY SUPERIOR COURT; COUNTY OF BERGEN;
BERGEN COUNTY POLICE; BERGEN COUNTY JAIL;
THE BOROUGH OF PARAMUS; THE PARAMUS POLICE DEPARTMENT;
THE CENTRAL MUNICIPAL COURT OF BERGEN COUNTY;
JUSTICE RABNER; JUDGE WAUGH; JUDGE DENICE; JUDGE GUIDA;
JOHN DOE, 1 TO 100; JUDGE RANDAL C. CHIOCCA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cv-17663)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 1, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: May 6, 2020)
_____

_____

OPINION*
_____

PER CURIAM

Pro se appellant Philip Hahn appeals the District Court's order dismissing his complaint. For the reasons detailed below, we will affirm the District Court's judgment.

Hahn has filed numerous actions, mainly in New Jersey state court. In this suit, he claims that his constitutional right to a jury trial was violated when a New Jersey court disposed of a prior action at the motion-to-dismiss stage. He named a host of defendants, including the United States, the U.S. Supreme Court, the State of New Jersey, and five New Jersey judges, among many others. Several defendants filed motions to dismiss. The District Court concluded that Hahn's "potential causes of action are unclear, and the facts provided in [his] Complaint are insufficient to support a claim entitling him to relief." D.C. Dkt. No. 26, at 2 (May 1, 2019 Order). The Court also observed that Hahn's claims against the judges would be barred by judicial immunity and that the Rooker-Feldman doctrine would prevent it from ruling on the propriety of a state-court judgment. May 1, 2019 Order 2 n.2; see also D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Tr. Co., 263 U.S. 413 (1923). The District Court therefore dismissed the complaint as to all defendants. May 1, 2019 Order 3.

Hahn filed a notice of appeal. In this Court, the United States filed a motion to summarily affirm, which was joined by several other defendants. We summarily affirmed as to many of the defendants,[1] and the case has now been briefed by Hahn and the remaining defendants. Hahn has also filed several motions in this Court.

We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

On appeal, Hahn asserts just a single argument: that the District Court violated his Seventh Amendment rights by dismissing the case on the papers without submitting his claims to a jury.[2] This argument is meritless. The Seventh Amendment does not prevent a District

---

[1] We summarily affirmed as to the County of Bergen; the Bergen County Sheriff's Department (pleaded as the Bergen County Police); the Bergen County Jail; Judge Louis Dinice (pleaded as Judge Denice); the Central Municipal Court of Bergen County; the Supreme Court of New Jersey; the Superior Court of New Jersey, Bergen Vicinage; Judge Stuart Rabner; Judge Randal C. Chiocca; and Judge James J. Guida. C.A. Dec. 17, 2019 Order 2.

[2] We will consider only the issue that Hahn raised in his brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'" (alteration in original) (quoting Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (opinion of Becker, J.))); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Hahn also occasionally presents arguments concerning Judge Chiocca, but we

Court from dismissing a complaint in a case, like this one, where the plaintiff has failed to plead a plausible claim. See, e.g., Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979); Haase v. Countrywide Home Loans, Inc., 748 F.3d 624, 631 n.5 (5th Cir. 2014) ("Dismissal of [appellants'] claims pursuant to a valid [Rule] 12(b)(6) motion does not violate their right to a jury trial under the Seventh Amendment.").

Accordingly, we will affirm. Hahn's pending motions are denied.

---

have already summarily affirmed the District Court's judgment as to him. See supra note 1.